UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Elena Svistina
    Plaintiff(s),

vs.                                                   Case No.:

Mark Fadel Elbadramany;
TDR Towers Master Association, Inc.

    Defendant(s).

_____/

## COMPLAINT

COMES NOW, the Plaintiff Elena Svistina (hereinafter "Plaintiff"), and files this lawsuit against the Defendants Mark Fadel Elbadramany ("Elbadramany"), TDR Towers Master Association, Inc. ("TDR Master");

### General Allegations Applicable to all Counts

1. This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code § 1332(a), and this action is between citizens of different States as

    b. Plaintiff is a citizen of and domiciled in the State of California.

    c. Defendant Elbadramany. is a citizen of and domiciled in the State of Florida.

    c. Defendant TDR Master is a Florida Corporation with its principal place of business in the State of Florida.

Page 1 of 19

2. Venue is proper in the United States District Court for the Southern District of Florida (Miami division) pursuant to 28 U.S. Code § 1391(b)(1) and 28 U.S. Code § 1391(d) as it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3. All claims herein are plead in the alternative and regardless of consistency in accordance with Federal Rule of Civil Procedure 8(d).

4. On or about June 18, 2021, Elbadramany using the alias "Mica Elb" lured the Plaintiff to a cabana located at the Trump Towers Condominium located in Sunny Isles Florida, where Elbadramany also owned a condominium located at 15901 Collins Ave Unit 2006, Sunny Isles Beach, Florida ("the condominium"). Elbadramany, then proceeded to expose himself, batter, and sexually assault the Plaintiff.

5. Through use of the online website and application known as Couchsurfing.com, Elbadramany using the alias "Mica Elb" created an account and user profile offering travelers to stay at his condominium including use of the amenities. See Fig. 1.



Figure 1- Elbadramany's Couchsurfing Profile

6. Couchsurfing.com is an application and website which offers budget travelers low cost accommodation around the world. Individuals make their homes available to travelers for the ostensible purpose of good will, friendship, and cultural exchanges.

7.  After communicating with Elbadramany via Couchsurfing, Elbadramany offered Plaintiff accommodation at his condominium for three nights commencing on June 18, 2021 through June 21, 2021.

### Count I
(Sexual Battery - Elbadramany)

8.  Plaintiff repeats and realleges paragraphs 1-7.

9.  Shortly after arriving at Elbadramany's condominium from her home in California on the evening of June 18, 2021, Plaintiff was escorted by Elbadramany to a cabana located on the premises of the Trump Towers Condominium.

10. Upon entering the cabana Plaintiff noticed the murphy bed raised to the wall and a black massage table with massage oil set up in place.

11. Elbadramany initially offered to massage Plaintiff but she declined. However, Elbadramany insisted and proceeded to grab Plaintiff by the arms and shoulders.

12. Despite Plaintiff's protests Elbadramany continued to grab Plaintiff by the arms and shoulders and proceeded to remotely turn off the lights and play suggestive music. After Plaintiff refused to be massaged by Elbadramany, he then demanded that she massage him.

13. Elbadramany, subsequently proceeded to the bathroom and after picking up a towel demanded that Plaintiff put on the towel and undress while simultaneously pushing Plaintiff into the bathroom of the cabana.

14. Plaintiff remained in bathroom for several minutes as she was extremely disturbed and frightened by Elbadramany's conduct.

15. After exiting the bathroom, Plaintiff observed Elbadramany laying on the massage table completely nude. Elbadramany again demanded that Plaintiff massage him while he was naked.

16. Elbadramany, then proceeded to get up from the massage table and grabbed the Plaintiff's buttocks.

17. Elbadramany, then rose from the table and proceeded to press his nude body and genitals against the Plaintiff against her will.

18. His assault and battery on the Plaintiff continued as he rubbed his hands across the Plaintiff's body and proceeded to sexually assault her against her will.

19. At all times Elbadramany's actions in touching and sexually assaulting the Plaintiff, resulted in the infliction of a harmful or offensive contact and/or the apprehension that such contact was imminent and therefore amounted to battery under Florida law.[1]

20. Subsequently, Plaintiff reported Elbadramany's conduct to the Sunny Isles Beach Police Department and Miami-Dade State Attorney's office resulting in his being arrested and charged with battering the Plaintiff.

21. As a direct and proximate result of the foregoing conduct, Plaintiff suffered bodily injury, mental anguish, and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

22. Additionally, as Elbadramany's actions were intentional, malicious, reckless and exhibiting of an extreme disregard for the likelihood of harm, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages including punitive damages against Elbadramany.

---

[1] See Fla. Stat. § 784.03; *Clark v. State*, 783 So. 2d 967, 968-969 (Fla. 2001); *Paul v. Holbrook*, 696 So. 2d 1311,1312 (Fla. 5th DCA 1997); *Walker v. State*,120 So. 3d 96 (Fla. 4thDCA 2013).

## Count II
(Negligence Innkeeper's duty - Elbadramany)

17. Plaintiff repeats and realleges paragraphs 1-7.

18. At all times material and since June of 2010, Elbadramany advertised his condominium at the Trump Towers for purposes of providing room and board to travelers via the Couchsurfing.com website and application, and use of the amenities.

19. Elbadramany's Couchsurfing account contained numerous references from previous guests and stated clearly that he was a "verified member" of Couchsurfing who was currently accepting guests. See Figure 3.



*Figure 2- Elbadramany's Couchsurfing Profile for Trump Towers*

23. At all times material Plaintiff accepted Elbadramany's invitation to reside at his condominium for a total of three nights.

24. At all times material Elbadramany represented that his condominium would be a secure and safe place for Plaintiff to reside at during her trip to South Florida.

25. After arriving at the Trump Towers, Elbadramany checked Plaintiff in at the Trump Towers reception and provided her with an access card for use of the amenities.

26. Accordingly, as the owner of the premises which had been furnished for use of the Plaintiff as a hotel or temporary residence, Elbadramany owed Plaintiff a duty of reasonable care to provide for her security and protect her from any reasonably foreseeable dangers including reasonably foreseeable criminal conduct.

27. Elbadramany breached these duties of care by engaging the following acts and omissions;

   a. Failing to warn Plaintiff that Elbadramany intended to sexually assault the Plaintiff while she was staying with him as a guest at his condominium.

   b. Failing to ensure Plaintiff's room was properly secured against intruders;

   c. Failing to undertake reasonable security measures;

   d. Failing to warn Plaintiff that her room contained hidden cameras which were recording her without her knowledge;

28. As a direct and proximate result of the foregoing breach of duties and negligence Plaintiff was injured when she was battered and assaulted in her room by Elbadramany.

29. As a direct and proximate result of the foregoing conduct, Plaintiff suffered bodily injury, mental anguish, and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of

earnings, loss of ability to earn money, aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages against Elbadramany.

## Count III
(Negligent Misrepresentation - Elbadramany)

30. Plaintiff repeats and realleges paragraphs 1-7.

31. At all times material Elbadramany negligently made the following misrepresentations of material fact to the Plaintiff under circumstances of which he ought to have known of their falsity.

   e. Misrepresentation of his actual name on his Couchsurfing.com profile as "Mica Elb" when his real name was Mark Fadel Elbadramany.

   f. Misrepresentation of the nature of Plaintiff's actual accommodations wherein Elbadramany's profile indicated Plaintiff would be residing in a 3.5 bedroom luxury condominium, but when Plaintiff arrived she was told to sleep in a cabana outside the condominium on the ground floor of the Trump Towers..

   g. Misrepresentation of the safety of the premises when Elbadramany failed to communicate his intention to have sexual relations with the Plaintiff.

   h. Misrepresentation of whether Plaintiff's personal privacy would be respected, when Elbadramany failed to advise Plaintiff of hidden cameras on the premises including in the bathroom.

32. At all times the foregoing misrepresentations by Elbadramany were made with the intention of inducing Plaintiff to travel from California to stay at Elbadramany's condominium at the Trump Towers.

33. At all times had Plaintiff been aware of any of the foregoing misrepresentations by Elbadramany she would not have travelled to meet him nor allowed herself to stay at his condominium.

34. As a direct and proximate result of the foregoing negligent misrepresentations, Plaintiff was injured when she acted in justifiable reliance of Elbadramany's misrepresentation and elected to travel South Florida and stay with Elbadramany at his condominium at the Trump Towers.

35. As a direct and proximate result Plaintiff was injured when she was sexually assaulted by Elbadramany at his cabana at the Trump Towers.

36. As a direct and proximate result of the foregoing conduct, Plaintiff suffered bodily injury, mental anguish, and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages against Elbadramany.

### Count IV
(False imprisonment - Elbadramany)

37. Plaintiff repeats and realleges paragraphs 1-7.

38. Shortly after arriving at Elbadramany's condominium from her home in California on the evening of June 18, 2021, Plaintiff was escorted by Elbadramany to a cabana located on the premises of the Trump Towers Condominium.

39. Upon entering the cabana Plaintiff noticed the murphy bed raised to the wall and a black massage table with massage oil set up in place.

40. Elbadramany initially offered to massage Plaintiff, however, Plaintiff declined. However, Elbadramany insisted and proceed to grab Plaintiff by the arms and shoulders.

41. Despite Plaintiff's protests Elbadramany continued to grab Plaintiff by the arms and shoulders and proceeded to remotely turn off the lights and play suggestive music. After Plaintiff refused to be massaged by Elbadramany, he demanded that she massage him.

42. Elbadramany, then proceeded to the bathroom and after picking up a towel demanded that Plaintiff put on the towel and undress while simultaneously pushing Plaintiff into the bathroom of the cabana.

43. Plaintiff remained in bathroom for several minutes as she was extremely disturbed and frightened by Elbadramany's conduct.

44. After exiting the bathroom, Plaintiff observed Elbadramany laying on the massage table completely nude. Elbadramany again demanded that Plaintiff massage him while he was naked.

45. Elbadramany, then proceeded to get up from the massage table and grab the Plaintiff's buttocks.

46. Elbadramany, then rose from the table and proceeded to press his nude body and genitals against the Plaintiff against her will.

47. His assault and battery on the Plaintiff continued as he rubbed his hands across the Plaintiff's body and proceeded to sexually assault her against her will.

48. Plaintiff repeatedly attempted to flee the cabana but Elbadramany prevented her from leaving by use of physical force and locking the doors to the cabana.

49. At all times Elbadramany's conduct in confining Plaintiff to the cabana and preventing her from leaving to escape Elbadramany's sexual battery of the Plaintiff constituted an unlawful detention and deprivation of the Plaintiff's liberty against her will.

50. Furthermore, Elbadramany unlawful detention of the Plaintiff was without legal authority or cover of law justifying such confinement.

51. Finally, in detaining the Plaintiff at the Trump Towers cabana for the purpose of sexually assaulting her and detaining her against her will such confinement by Elbadramany was unreasonable and unwarranted under the circumstances.

52. As a direct and proximate result of the foregoing conduct, Plaintiff suffered bodily injury, mental anguish, and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

53. Additionally, as Elbadramany's actions were intentional, malicious, reckless and exhibiting of an extreme disregard for the likelihood of harm, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages including punitive damages against Elbadramany.

**Count V**
(Invasion of Privacy- Elbadramany)

54. Plaintiff repeats and realleges paragraphs 1-7.

55. At all times material Elbadramany intentionally intruded physically or otherwise, upon the solitude or seclusion of the Plaintiff by engaging in the following conduct.

56. Shortly after arriving at Elbadramany's condominium from her home in California on the evening of June 18, 2021, Plaintiff was escorted by Elbadramany to a cabana located on the premises of the Trump Towers Condominium.

57. Upon entering the cabana Plaintiff noticed the murphy bed raised to the wall and a black massage table with massage oil set up in place.

58. Elbadramany initially offered to massage Plaintiff, however, Plaintiff declined. However, Elbadramany insisted and proceed to grab Plaintiff by the arms and shoulders.

59. Despite Plaintiff's protests Elbadramany continued to grab Plaintiff by the arms and shoulders and proceeded to remotely turn off the lights and play suggestive music. After Plaintiff refused to be massaged by Elbadramany, he demanded that she massage him.

60. Elbadramany, then proceeded to the bathroom and after picking up a towel demanded that Plaintiff put on the towel and undress while simultaneously pushing Plaintiff into the bathroom of the cabana.

61. Plaintiff remained in bathroom for several minutes as she was extremely disturbed and frightened by Elbadramany's conduct.

62. After exiting the bathroom, Plaintiff observed Elbadramany laying on the massage table completely nude. Elbadramany again demanded that Plaintiff massage him while he was naked.

63. Elbadramany, then proceeded to get up from the massage table and grab the Plaintiff's buttocks.

64. Elbadramany, then rose from the table and proceeded to press his nude body and genitals against the Plaintiff against her will.

65. Elbadramany's assault and battery on the Plaintiff continued as he rubbed his hands across the Plaintiff's body and proceeded to remove her clothing and undergarmets sexually assault her against her will.

66. Subsequent to Elbadramany's assault Plaintiff discovered that Elbadramany had surreptitiously installed hidden cameras in various locations in the cabana, including the bathroom.

67. One such camera was apparently disguised as smoke detector which Elbadramany used to record or attempt to record Plaintiff while she was using the bathroom. See Fig. 2.



*Figure 3 - Smoke Detector with hidden camera lens*

68. At no time did Elbadramany ever notify or otherwise warn the Plaintiff that he had installed hidden cameras in the cabana.

69. In assaulting the Plaintiff, removing her clothing, and video recording her against her will and without her knowledge, Elbadramany intentionally intruded on the solitude and seclusion of the

Plaintiff; all of which were areas and places where Plaintiff was entitled to a reasonable expectation of privacy.

70. As a direct and proximate result of the foregoing conduct, Plaintiff suffered bodily injury, mental anguish, and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

71. Additionally, as Elbadramany's actions were intentional, malicious, reckless and exhibiting of an extreme disregard for the likelihood of harm, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages including punitive damages against Elbadramany.

## Count VI
(Claim under Florida Stat. § 934.10 - Elbadramany)

72. Plaintiff repeats and realleges paragraphs 1-7.

73. Subsequent to Elbadramany's sexually assaulting Plaintiff she discovered that Elbadramany had surreptitiously installed hidden cameras in various locations in the cabana, including the bathroom.

74. One such camera was apparently disguised as a smoke detector which Elbadramany used to record or attempt to record Plaintiff while she was using the bathroom. See Fig. 2.

75. At no time did Elbadramany ever notify or otherwise warn the Plaintiff that he had installed hidden cameras in the cabana.

76. At no time did Elbadramany ever notify or otherwise warn the Plaintiff that he had installed hidden cameras in the cabana.

77. At all times these hidden cameras had been placed in the cabana where the Plaintiff was temporarily residing for the express purpose of permitting Elbadramany, to intentionally intercept, endeavor to intercept, or procure Plaintiff's oral, or electronic communications in violation of Florida Statutes Section 934.03.

78. As a direct and proximate result Elbadramany intercepted or endeavored to intercept Plaintiff's oral or electronic communications, and therefore Plaintiff is entitled to the following remedies pursuant to Florida Statutes Section 934.10;

(a) Preliminary or equitable or declaratory relief as may be appropriate;

(b) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;

(c) Punitive damages; and

(d) A reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages including punitive damages against Elbadramany.

### Count VII
(Negligence Innkeeper's duty – TDR Master)

79. Plaintiff repeats and realleges paragraphs 1-7.

80. At all times material TDR Master was the master condominium association for the Trump Towers Condominiums located in Sunny Isles Beach, Florida, organized under Florida Statutes Ch. 718.

81. At all times material Elbadramany was condominium unit owner and member of the TDR Master condominium association.

82. At all times material and since June of 2010, Elbadramany advertised his condominium at the Trump Towers for purposes of providing room and board to travelers via the Couchsurfing.com website and application, and use of the amenities.

83. Elbadramany's Couchsurfing account contained numerous references from previous guests and stated clearly that he was a "verified member" of Couchsurfing who was currently accepting guests. See Figure 3.

84. At all times TDR Master knew or should have known that Elbadramany was operating an unlicensed short term vacation rental in violation of Sunny Isles Beach Code of Ordinances Article II Section 217 *et seq*. Or in the alternative was permitting Elbadramany to allow guests from Couchsurfing.com to reside at the Trump Towers with TDR Master's approval.

85. At all times TDR Master owned and controlled the common areas of the Trump Towers Condominium, including the cabanas located on the premises.

86. At all times TDR Master allowed the common areas including the cabanas to be used by outside guests of condominium owners and association members such as Elbadramany.

87. At all times TDR Master further undertook to provide security on the premises of the Trump Towers Condominium for the purpose of ensuring the safety of the members of its condominium association and their guests.

88. On or about June 18, 2021, Plaintiff arrived at Trump Towers Condominium and was checked into the reception as a guest of Elbadramany, and was provided with an access card for use of the amenities on the premises.

89. Elbadramany, subsequently provided Plaintiff with access to a cabana owned and operated by TDR Master, which contained a bed and bathroom to be used as temporary accommodation for the Plaintiff.

90. At all times material TDR Master through its employees knew or should have known that Plaintiff was residing as a guest on its property specifically in the cabanas.

91. Accordingly, TDR Master owed Plaintiff a duty as the owner and operator of the premises which had been furnished for use of the Plaintiff as a hotel or temporary residence;

　i. of reasonable care to provide for her security and protect her from any reasonably foreseeable dangers including reasonably foreseeable criminal conduct.

　j. to manage the property and perform all services which it had undertaken gratuitously or for consideration including the task of providing security to deter criminal conduct reasonably and with due care.

92. TDR Master breached these duties of care by engaging the following acts and omissions;

　a. Failing to warn Plaintiff that Elbadramany intended to sexually assault the Plaintiff while she was staying with him as a guest at his condominium;

　b. Permitting Elbadramany to install hidden camera equipment in the cabanas for purpose of illegally recording the Plaintiff;

　c. Permitting Elbadramany to operate an unlicensed illegal short term rentals at the Trump Towers Condominium.

　d. Failing to follow security post orders;

　e. Failing to ensure the presence of sufficient properly trained security personnel on the premises;

　f. Failing to conduct routine security checks of the premises including the cabanas;

　g. Failing to ensure Plaintiff's room was properly secured against intruders;

　h. Failing to undertake reasonable security measures to deter criminal conduct including sexual assault on the premises;

      i. Failing to render aid to the Plaintiff after she was sexually assaulted;

      j. Failing to properly respond to Plaintiff's sexual assault, including documenting the incident, and investigating the allegations;

      k. Failing to turn over evidence of Plaintiff's sexual assault to law enforcement investigating Plaintiff's allegations;

      l. Failing to warn Plaintiff that her room contained hidden cameras which were recording her without her knowledge;

93. At all times based on the history of prior criminal activity on the subject premises and the surrounding vicinity it was reasonably foreseeable that criminal conduct directed toward guests at the Trump Towers Condominium could occur.

94. As a direct and proximate result of the foregoing breach of duties and negligence Plaintiff was injured when she was battered and assaulted in TDR Master's cabana by Elbadramany.

95. As a direct and proximate result of the foregoing conduct, Plaintiff suffered bodily injury, mental anguish, and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury and judgment for all available damages against Elbadramany.

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, a true copy of the foregoing was served by E-mail and CM/ECF E-service on all counsel or parties of record on the service list:


By:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard, Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law