UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

ELENA SVISTINA,

    Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

    Defendants.
_____/

### ORDER ON DEFENDANT MARK ELBADRAMANY'S MOTION TO STAY PROCEEDING PENDING THE RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING

**THIS CAUSE** is before the Court upon Defendant Mark Elbadramany ("Elbadramany") Motion to Stay Proceeding Pending the Resolution of the Parallel Criminal Proceeding with Incorporated Memorandum of Law, ECF No. [42] ("Motion"). Plaintiff Elena Svistina ("Plaintiff") filed a Response to the Motion, ECF No. [43], to which Defendant filed a Reply, ECF No. [51].[1] The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff initiated this suit against Elbadramany and TDR Towers Master Association, Inc. ("TDR Towers") concerning events that occurred on June 18, 2021. ECF No. [1]. Plaintiff asserts the following counts against Elbadramany: sexual battery (Count I); negligence innkeeper's duty (Count II); negligent misrepresentation (Count III); false imprisonment (Count IV); invasion of

---

[1] Defendant TDR Towers filed a Response noting that it does not oppose the stay. ECF No. [54].

privacy (Count V); claim under Fla. Stat. § 934.10 (Count VI). ECF No. [1]. Plaintiff asserts a single count against TDR Towers for negligence innkeeper's duty (Count VII). *Id.*

According to the Complaint, Elbadramany "lured the Plaintiff to a cabana located at the Trump Towers Condominium located in Sunny Isles Florida, where Elbadramany also owned a condominium located at 15901 Collins Ave Unit 2006, Sunny Isles Beach, Florida ("the condominium"). Elbadramany then proceeded to expose himself, batter, and sexually assault the Plaintiff." ECF No. [1] ¶ 4. In connection with this conduct, Elbaramany was indicted on March 10, 2022, in Miami-Dade County, Florida by the State Attorney of the Eleventh Judicial Circuit ("Criminal Proceeding"). ECF No. [52-1]; *see State of Florida v. Mark Elbadramany*, Case No. B-21-020277. The Criminal Proceeding is schedeuled for trial on July 11, 2022. *See State of Florida v. Mark Elbadramany*, Case No. B-21-020277, ECF No. [49].

Defendant Elbadramany filed the instant Motion seeking to stay this action pending the resolution of the Criminal Proceeding. ECF No. [42]. Specifically, Defendant argues that the stay is necessary because the discovery in the instant action has implicated his Fifth Amendment privilege against self-incrimination and a stay is necessary to prevent loss of the instant action. *Id.* at 2. Plaintiff responds that Defendant has waived his Fifth Amendment privilege against self-incrimination and that a stay is not warranted. ECF No. [43].[2]

## II.  LEGAL STANDARD

"A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v.*

---

[2] Defendant filed a Motion to Dismiss Plaintiff's Complaint and Alternative Request to Conduct Limited Discovery for the Purpose of Ascertaining Subject Matter Jurisdiction, ECF No. [15]. The Motion to Dismiss is set for hearing on May 26, 2022. ECF No. [47].

*Kordel,* 397 U.S. 1, 12–13 & n. 27). "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" *Erwin v. Price,* 778 F.2d 668, 669 (11th Cir.1985) (quoting *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973)). "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *S.E.C. v. Wright,* 261 F. App'x 259, 262–63 (11th Cir.2008).

"The Eleventh Circuit has articulated a narrow set of circumstances which require that a stay be granted." *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC,* 2009 WL 2589116, at *1 (S.D. Fla. Aug. 19, 2009); *see also Court–Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer,* 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009) (identifying "cases from outside this jurisdiction which utilize more lenient standards for staying civil proceedings when there is a pending criminal proceeding against the same defendant."). Courts consider whether a defendant in both a civil and criminal matter is "forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings.]" *Shell Oil Co. v. Altina Associates, Inc.,* 866 F.Supp. 536, 540 (M.D. Fla.1994) (quoting *Pervis v. State Farm Fire & Casualty Co.,* 901 F.2d 944, 947 (11th Cir.1990)). "[T]he mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at [an early] point in the proceeding." *Lauer,* 2009 WL 800144, at *3. Rather, "[t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Id.* at *2 (emphasis added).

"The following factors are relevant to determining whether 'special circumstances' exist: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Invs. v. Rothstein*, No. 10-60786-CIV, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (quoting authority and internal citations omitted).

## III.   DISCUSSION

Defendant argues that the factors laid out in *Invs. v. Rothstein* weigh in favor of a stay of this civil case until the criminal case is resolved. ECF Nos. [42], [51]; 2011 WL 2530945, at *1. Defendant has asserted his Fifth Amendment Privilege against self-incrimination in response to discovery requests propounded by Plaintiff and argues that if he is required to continue to litigate this instant case, pending the outcome of the criminal trial, he would suffer a "*certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Lauer,* 2009 WL 800144, at *2 (emphasis added). Plaintiff responds that Defendant has waived his Fifth Amendment Privilege against self-incrimination and that the *Invs. v. Rothstein* factors weigh against a stay of the case. ECF No. [43]; 2011 WL 2530945, at *1. The Court first addresses whether Defendant has waived his Fifth Amendment Privilege against self-incrimination and then turns to analyze the *Invs. v. Rothstein* factors. *See* 2011 WL 2530945, at *1.

### A.  Fifth Amendment Privilege Against Self Incrimination

Plaintiff argues that this Court should make a threshold finding that Defendant has waived his Fifth Amendment Privilege against self-incrimination. ECF No. [43] ¶ 11. Plaintiff contends that Defendant waived his Fifth Amendment privilege by submitting a declaration in support of

his Motion to Dismiss. *Id.* (citing ECF No. 15-1]. Defendant replies that his limited declaration filed in support of his Motion to Dismiss does not serve as blanket waiver of his Fifth Amendment privilege against self-incrimination. ECF No. [51] at 6-7. Plaintiff alternatively argues that if this Court finds that Defendant has not waived his Fifth Amendment Privilege against self-incrimination, a stay is not warranted because Defendant will not suffer a "*certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." ECF No. [43] at ¶¶ 14-17. Defendant replies that he will be "imminently confronted with losing this case" if this case proceeds and he asserts his Fifth Amendment Privilege against self-incrimination. ECF No. [51] at 5.

The Court agrees with Defendant and does not find that Defendant has waived his Fifth Amendment privilege against self-incrimination. In support of her arguments, Plaintiff cites to various cases where the courts found waiver of the Fifth Amendment privilege against self-incrimination when an individual responded to discovery requests such as interrogatories or questions at a civil deposition. ECF No. [43] at 5 (citing *Kordel*, 397 U.S. at 8 and *Jones v. Barlow*, No. 219CV114FTM66NPM, 2020 WL 13199709, at *6 (M.D. Fla. July 21, 2020)). Here, Defendant informed the Court that he would invoke his Fifth Amendment privilege in response to Plaintiff's discovery requests. ECF No. [42] at 2. The Court acknowledges that Defendant submitted a declaration with his Motion to Dismiss, ECF No. [15-1], but notes that Plaintiff failed to direct the Court to cases in which any court has found that a declaration submitted with a motion to dismiss (which only covers limited topics) serves as a complete waiver of a defendant's Fifth Amendment privilege against self-incrimination. As noted by Defendant, the declaration focuses on the issue of whether diversity jurisdiction exists and sets forth: (1) Plaintiff was in South Beach, Florida when she contacted Defendant; (2) the reason Plaintiff left South Beach for Sunny Isles,

Florida including that she was investigating potential areas in which to live; (3) Plaintiff had several pieces of luggage with her; (4) the cabana at issue is located in Sunny Isles, Florida; and (5) Plaintiff mentioned that she lived in California. ECF Nos. [51] at 6-7. Any waiver by Defendant of his Fifth Amendment privilege against self-incrimination would concern only the matters identified in his declaration. As made clear by the Supreme Court in *Mitchell v. United States*, "[t]he privilege is waived for the matters to which the witness testifies . . . ." 526 U.S. 314, 321 (1999). As such, Defendant's submission of a declaration regarding the limited issue of jurisdiction raised in his Motion to Dismiss does not constitute a blanket waiver of Defendant's Fifth Amendment against self-incrimination.

Further, the Court finds that Defendant will suffer "*certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Lauer*, 2009 WL 800144, at *2 (emphasis added). If the case proceeds and Defendant is required to continue to engage in discovery, Defendant will be "forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings.]" *Shell Oil Co.*, 866 F. Supp. at 540 (quoting *Pervis*, 901 F.2d at 947). Defendant has asserted that there are no other individuals who witnessed the events at issue in this case. ECF No. [42]. Plaintiff has not disputed this assertion. ECF No. [43]. As such, the Court finds that it is likely that Defendant cannot substantiate his defense by using the testimony of other parties, expert testimony, or other evidence. *See Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1382 (S.D. Fla. 2015). Further, the Court finds that Defendant will suffer a *certain loss* as to all counts in the Complaint because they each arise out of the same underlying facts.

### B. Factors Concerning Special Circumstances

The factors in *Invs. v. Rothstein* weigh in favor of a stay of the instant case. *See* No. 10-60786-CIV, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (quoting authority and internal citations omitted).

#### *1. Degree of Overlap*

The Court finds that the first factor weighs in favor of a stay because there is an "overwhelming degree of overlap" of the issues in the criminal case with those presented in the civil case. *See Pellegrino*, 147 F. Supp. 3d at 1382; *Gonzalez v. Israel*, 2015 WL 4164772 at *3 (S.D. Fla. July 9, 2015). Regarding this factor, courts consider whether an indictment or a similar charging documents has been filed against the party seeking the stay. *Pellegrino*, 147 F. Supp. 3d at 1382. "Courts have held that '[t]he absence of an indictment weighs heavily against a stay of a related civil case.'" *Id.* at 1382 (quoting authority omitted). In the criminal proceeding, a charging document has not only been filed but the case is scheduled for trial in less than two months.

Defendant argues that the criminal and civil proceedings arise from the same facts and circumstances. ECF No. [42] at 5. Defendant further argues that a stay is appropriate in this case because he has already been indicted for the same conduct. ECF No. [42] at 6. Plaintiff argues that the conduct and allegations that form the basis for the civil case are broader than the issues to be determined in the criminal action. ECF No. [43] ¶18. Specifically, Plaintiff claims that the only overlap between the criminal and civil action is the battery count in the Complaint. *Id.*

Here, because Defendant was indicted on March 10, 2022, in Miami-Dade County, Florida by the State Attorney of the Eleventh Judicial Circuit, Defendant's "exposure to criminal penalty is not merely hypothetical." ECF No. [52-1]; *Gonzalez*, 2015 WL 4164772, at *3. Most importantly, the criminal case is set for trial on July 11, 2022, so the stay will be for a limited

period of time. ECF No. [42] at 7; *State of Florida v. Mark Elbadramany*, Case No. B-21-020277, ECF No. [49]. Further, while the Complaint contains other claims that are unrelated to the battery count, the Court finds that there is an overwhelming degree of overlap between the issues in the criminal and civil case, because the issues in both the civil and criminal cases stem from the same underlying event and circumstances: Plaintiff's stay at Defendant's cabana at the Trump Towers Condominium on June 18, 2021. ECF Nos. [1], [51-1], [51-2], [51-3]; *see Gonzalez*, 2015 WL 4164772, at *3 ("Both cases arise from identical circumstances."). As such, this factor weighs in favor of a stay of this proceeding.

### 2. *Status of the Case; Private Interests of Plaintiff in Proceeding Expeditiously Weighed Against the Prejudice to Plaintiff Caused by the Delay; the Private Interests of and Burden on Defendants; Interests of the Courts; and the Public Interest*

The Court finds that the remaining factors weigh in favor of a stay, that include: (2) status of the case;[3] (3) the private interests of Plaintiff in proceeding expeditiously weighed against the prejudice to Plaintiff caused by the delay; (4) the private interests of and burden on defendants; (5) the interests of the Court; and (6) the public interest.

Regarding the status of the case, it is in its infancy and discovery has not yet begun. Moreover, the Motion to dismiss remains pending and the pleadings are not yet closed. Regarding the third factor, Plaintiff's private interest in proceeding expeditiously is outweighed by the Defendant's prejudice if the civil and criminal cases were to proceed concurrently. Defendant "would be forced to choose between waiving his Fifth Amendment rights to defend himself in the civil matter and risking conviction in the criminal case or asserting the privilege and surely losing the case, as there are no other witnesses to the encounter that took place." ECF No. [42] at 7. Regarding the fourth factor, any prejudice to Plaintiff is minimal considering the stay would be

---

[3] The parties' briefs do not contain argument regarding the status of the case.

relatively short. ECF No. [42] at 7. Regarding the fifth and sixth factors, the public interest favors a stay because "a resolution in the criminal proceeding also factors into judicial economy, which favors a stay." ECF No. [42] at 7 (citing *Doe 1 v. City of Demopolis*, No. CIV A 09-0329-WS-N, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009) ("Another consideration is that of judicial economy, which likewise favors a stay.")). Defendant points out, and the Court recognizes, that the outcome of the Criminal Proceeding may increase the possibility of settlement, reduce the scope of discovery, and narrow the critical questions in the instant case.

Plaintiff argues generally that the denial of the stay would serve the interests of the public and the litigants involved. ECF No. [43] at ¶¶ 20-22. Specifically, Plaintiff argues there is no reason to delay this action because the outcome of the pending criminal case would have no bearing on the instant case "as a judgment of acquittal is generally inadmissible in a civil proceeding arising out of the same incident." ECF No. [43] at 8 (citing *Watkins v. Broward Sheriff's Off.*, 771 F. App'x 902, 910 (11th Cir. 2019)) ("Noting that a judgment of acquittal is inadmissible hearsay, we stated that, '[e]ven if the evidence of prior acquittal was otherwise admissible, it would be properly excludable under Rule 403, [ ] because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'") (quoting authority omitted). Plaintiff further argues that Defendant is seeking a stay to improperly obtain a tactical advantage because he has already voluntarily testified, through his declaration, and waived his Fifth Amendment right against self-incrimination. ECF No. [43] at ¶ 21 (citing *Brent v. Source Interlink Distribution, LLC*, No. 2:14-CV-52-FTM-38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014)) ("In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court."). She also

9

notes that Defendant waited 10 weeks to seek a stay of the case. ECF No. [43] at ¶ 21. Lastly, Plaintiff argues that the stay would prejudice Plaintiff by preventing her from proceeding with her claim against TDR Towers. *Id.* at ¶ 21.

The Court finds that the remaining factors weigh in favor of a stay of the case. While the parties did not address the status of the case, the Court's analysis of the status of the case weighs in favor of a stay. This case has been pending for three months. ECF No. [1]. While the Court has entered a scheduling order, ECF NO. [20], discovery is not set to close until January 10, 2023, and trial is over one year away, on May 8, 2023. ECF No. [20]. Mediation is scheduled on November 9, 2022. ECF No. [36]. This case is in its early stages and, as such, the most effective use of judicial resources is to stay the proceeding pending the outcome of the criminal case. A stay of this case will preserve judicial resources, and in turn, serve the public interest.

Next, as noted above, if the case proceeds and Defendant is required to continue to engage in discovery, Defendant will be forced to choose between waiving his privilege against self-incrimination or losing the civil case in [summary proceedings.]" *Shell Oil Co.*, 866 F. Supp. at 540 (quoting *Pervis*, 901 F.2d at 947). Accordingly, when weighing the private interests of Plaintiff in proceeding expeditiously against the prejudice to Plaintiff caused by the delay, it is evident that the third factor weighs in favor of a stay of this case. Next, the burden on Plaintiff will be minimal as the stay will be short-lived because the criminal trial is set for July 11, 2022. As such, the fourth factor also weighs in favor of a stay of this case.

Lastly, factors five and six also weigh in favor of a stay of this case. While a judgment of acquittal may be inadmissible, the outcome of the Criminal Proceeding will promote judicial efficiency because it will help to narrow the issues in this instant case and, in turn, narrow the scope of discovery and possibly lead the parties to settlement. The Court finds that Defendant is

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

not seeking the stay as a tactical advantage, but instead as a way to preserve his Fifth Amendment privilege against self-incrimination. In sum, this Court finds that all six factors weigh in favor of staying this proceeding.

Accordingly, the Court will stay and administratively close this matter pending resolution of the Criminal Proceeding against Defendant. *See, e.g., Ventura v. Brosky,* 2006 WL 3392207, at *1–2 (S.D. Fla. Nov. 21, 2006) (staying and administratively closing civil case due to parallel criminal proceeding against defendant police department employee who would invoke his Fifth Amendment rights). The hearing scheduled for May 26, 2022, is canceled and will be rescheduled once the stay is lifted.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [42]**, is **GRANTED**.

2. The action is **STAYED** pending the resolution of *State of Florida v. Mark Elbadramany*, Case No. B-21-020277.

3. The Parties shall file a joint status report by **July 25, 2022**, informing the Court of the outcome of the trial in *State of Florida v. Mark Elbadramany*.

4. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this action during the pendency of the stay.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record