UNITED STATES DISTRICT COURT IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Elena Svistina
     Plaintiff(s),

vs.                                                              Case No.: 22-cv-20525-BLOOM/Otazo-Reyes

Mark Fadel Elbadramany TDR Towers Master
Association, Inc.
     Defendant(s).

_____/

**PLAINTIFF'S MOTION TO DISMISS**
**DEFENDANT MARK FADEL ELBADRAMANY'S COUNTERCLAIM**

COMES NOW, the Plaintiff Elena Svistina, pursuant to Federal Rule of Civil Procedure 12 and moves to dismiss Defendant Mark Fadel Elbadramany's ("Elbadramany") Counterclaims as follows:

**I.      Background**

1.      On June 21, 2022, at Elbadramany's request the Court conducted an evidentiary concerning Elbadramany's Motion to Dismiss Plaintiff's claims on various grounds [D.E., 72]. During that hearing, at Elbadramany's request the Court accepted into evidence numerous materials relating to the misdemeanor criminal proceedings brought against Elbadramany by the State Attorney, including the 1) the police report; 2) plaintiff's sworn statement; and the information filed by the Miami-Dade State Attorneys' Office charging Elbadramany with battery. Therefore, the Court may consider these materials in making any necessary determinations concerning Elbadramany's counterclaims for Count I (malicious prosecution); Count II (abuse of process).

2.      These items were also attached and incorporated to this Motion to Dismiss as

Elbadramany has already requested and the Court has agreed to consider them in ruling on his previous Motion to Dismiss. **See Exhibit 1 – Police Report** (previously filed by Elbadramany at D.E., 15-6); **Exhibit 2 – Plaintiff's sworn statement** (previously filed by Elbadramany at D.E., 15-5); **Exhibit 3 – Information for Battery** (previously filed by Elbadramany at D.E., 15).

II.     <u>**Elbadramany's counterclaims for malicious prosecution and abuse of process are based on the claims in the instant proceeding and thus are barred.**</u>

3.     Counts I and II of Elbadramany's counterclaim for malicious prosecution and abuse of process improperly seek to recover against plaintiff for filing the instant civil lawsuit against him. *See Def.'s Countercl. at § 25-26; 93-95; 105; 107-108.* It is well-settled that under Florida law, a claim for malicious prosecution and/or abuse of process "may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action[.]" *Blue v. Weinstein*, 381 So.2d 308, 311 (Fla. 3d DCA 1980); see also *Lee v. McCarthy*, No. 0:17-cv-60471-UU, 2017 U.S. Dist. LEXIS 237193, at *11 (S.D. Fla. Sep. 18, 2017) ("malicious prosecution or abuse or process cannot be maintained in a pending action" where, as here, "the abuse claimed [arises from] the [instant] pending suit"); *Bates v. Cook, Inc.*, 615 F. Supp. 662, 670 M.D. Fla. 1985) (same).

4.     "Instead, claims for malicious prosecution must be raised as separate actions by a victorious defendant *after* the suit which is claimed to be malicious has concluded." *Afford. Aerial Photography, Inc. v. Abdelsayed*, No. 21-CV-81331-AMC, 2022 U.S. Dist. LEXIS 38672, at *4 (S.D. Fla. Mar. 4, 2022); *Cox v. Klein*, 546 So.2d 120, 121 (Fla. 1st DCA 1989). Therefore, as Counts I and II of Elbadramany's counterclaim are directed against and seek to recover for "some or all of the counts" in the pending civil lawsuit brough against Elbadramany, these claims must be dismissed as premature.

5.

**III.** **Elbadramany's Abuse of Process claims are barred because the Plaintiff has used the judicial process for its intended purpose.**

6.      Count II of Elbadramany's counterclaim alleging abuse of process is based entirely on the Plaintiff's pressing criminal charges against Elbadramany and filing the instant lawsuit seeking money damages. *See Def.'s Countercl. at § 25-26; 93-95; 105; 107-108.* Essentially, Elbadramany seeks to hold Plaintiff liable for reporting his actions to the police and filing a lawsuit against him seeking money damages. These acts clearly fall within the intended purpose of the instant legal proceedings and the state court criminal proceedings brought against Elbadramany. Accordingly, Count II must be dismissed. Under Florida law, no claim for abuse of process lies where a party has made use of a judicial process for its intended purpose. *Chevaldina v. Ctr. for Individual Rts.*, No. 20-24690-CV, 2021 U.S. Dist. LEXIS 244665, at *44 (S.D. Fla. Dec. 14, 2021); " (citing *Pottinger v. City of Miami*, 810 F. Supp. 1551, 1556 (S.D. Fla. 1992) (international citations omitted); see also *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984) ("For the cause of action to exist there must be a use of the process for an immediate purpose other than that for which it was designed").

7.      *Blanck v. City of Altamonte Springs*, No. 6:11-cv-293-Orl-28KRS, 2011 U.S. Dist. LEXIS 89543, at *8 (M.D. Fla. Aug. 11, 2011), is analogous to the instant case. In *Blanck*, the Plaintiff attempted to state a claim for abuse of process on the grounds that the defendant "improperly "pressed [criminal] charges" against Plaintiff while contemporaneously filing a civil suit against Plaintiff in order to "exact a civil remedy." *See Id.* at 9-10. In dismissing the plaintiff's claim for abuse of process the Court held that plaintiff's pressing charges against the defendant and assisting the prosecutor did not constitute an abuse of process, because even if the defendant had an ulterior motive in pursuing the criminal charges to gain an advantage in the parallel civil proceeding he "still used the process of reporting a perceived crime and assisting in its prosecution

"to accomplish the result for which it was created." *See Id.* at 10; *see also Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1346 (11th Cir. 2017) ("the fact that a party may be motivated by incidental or concurrent benefits of the use of process is not sufficient to constitute an abuse."); *Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989) ("there is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose").

8.      In fact, just like the Plaintiff in *Blanck*, Elbadramany's complaint expressly alleges that Plaintiff had an "ulterior motive" in pressing criminal charges and filing a civil lawsuit against him as grounds for his claim. *See Def.'s Countercl. at § 106-108.* Such allegations cannot form the basis of a claim of abuse of process, as whether or not a party may have had an ulterior motive is irrelevant to such a claim where the process has been and is being used for its intended purpose. *See Estate of Jackson*, 873 F.3d at 1346; *Scozari*, 546 So. 2d at 751; *Blanck*, 2011 U.S. Dist. LEXIS 89543, at 8-10. Neither does the Plaintiff's filing of an affidavit in a state court criminal proceeding against Elbadramany constitute abuse of process as a matter of law. *See Coursen v. JP Morgan Chase & Co.*, 24 Fla. L. Weekly Fed. D149 (U.S. M.D. Fla. June 27, 2013) (citing *Rauh v. Coyne*, 744 F. Supp. 1186, 1194 (D.D.C. 1990)) ("the filing of an affidavit in state court by the Defendant cannot . . . constitute abuse of civil legal process without anything further...This is true even if the affidavits contain false statements. The notion that an abuse of process claim can be based on the theory of "injection of a lie into the judicial process" has been rejected."). Thus, even if the affidavit filed by Plaintiff had contained false and malicious statements (which Plaintiff vehemently denies) seeking to achieve some ulterior purpose, such statements cannot form the basis for a claim of abuse of process. Therefore, Count II should be dismissed.

**IV.      Elbadramany's claims are barred by Florida's litigation privilege.**

9.       Florida courts have made it clear that litigation privilege "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004); *Tellam v. Kalman*, No. 6:19-cv-2313-Orl-78LRH, 2020 U.S. Dist. LEXIS 257597, at *11 (M.D. Fla. Mar. 6, 2020). The entirety of Count I (malicious prosecution) and Count II (abuse of process) contained Elbadramany's counterclaim, improperly seeks to recover for acts the plaintiff allegedly performed in furtherance of pursuing criminal charges and civil remedies against Elbadramany, and thus is barred by the litigation privilege. *See e.g. Def.'s Countercl. at § 26, 68-75; 90-94; 100-108.*

10.      Under Florida law "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . , so long as the act has some relation to the legal proceeding. *See Melford v. Kahane & Assocs.*, No. 18-cv-60881-BLOOM/Valle, 2018 U.S. Dist. LEXIS 178061, at *14 (S.D. Fla. Oct. 15, 2018); *EMI Sun Vill., Inc. v. Catledge*, 779 F. App'x 627, 635 (11th Cir. 2019) (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)); *Prince v. Sec'y, Fla. Dep't of Corr.*, No. 3:17-cv-1145-J-34MCR, 2021 U.S. Dist. LEXIS 16705, at *71 (M.D. Fla. Jan. 29, 2021) ("the litigation privilege applies to a cause of action for malicious prosecution, which provides absolute immunity for an act occurring during the course of a judicial proceeding as long as the act has some relation to the proceeding"); *Jackson v. BellSouth Telecomms.*, 372 F.3d at 1277.

11.      Furthermore, it is of no moment that Elbadramany claims that plaintiff's reports to the police were false and defamatory so long as they bore at least some relation to those legal

proceedings. *See Grippa v. Rubin*, No. 4:20cv457-MW/MAF, 2021 U.S. Dist. LEXIS 211827, at *9 (N.D. Fla. Feb. 22, 2021) ("while accusing Plaintiff of blackmail or other criminal activity may be false and malicious, it is nonetheless protected by litigation privilege if it bears some relationship to the subject matter of the lawsuit"); *see also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007); *Chevaldina,* 2021 U.S. Dist. LEXIS 244665, at *40 ("as a threshold matter, Plaintiff's abuse of process claim is barred by the Florida litigation privilege"). Here, the entirety of Elbadramany's counterclaim is based on conduct relating to the Plaintiff's criminal and civil complaints against Elbadramany all of which were wholly related to either the state court criminal action or instant civil action brought against him. *See e.g. Def.'s Countercl. at § 26, 68-75; 90-94; 100-108.*

12.     Therefore, as all of the tortious conduct alleged by Elbadramany is related to either the criminal or civil judicial proceedings filed against him, the litigation privilege operates as a complete bar to these claims requiring dismissal with prejudice of Counts I and II. *See Jackson v. BellSouth Telecomms.*, 372 F.3d at 1274; *Tellam*, 2020 U.S. Dist. LEXIS 257597, at *11; *Incarcerated Entm't, LLC v. Cox*, Civil Action No. 18-21991-Civ-Scola, 2019 U.S. Dist. LEXIS 231297, at *7 (S.D. Fla. Apr. 17, 2019).

**V.      Elbadramany's counterclaims are barred as Plaintiff's report of criminal activity was made in good faith.**

13.     Elbadramany's counterclaims are also barred as it is apparent that even if Plaintiff's reports to the police and prosecutors were mistaken and/or incorrect they were clearly alleged in good faith. Florida has long recognized a judicially created qualified privilege exists in regard to injuries resulting from malicious prosecution, false imprisonment, defamation, and slander for mistaken, but good faith reports of suspected criminal activity. *See Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 10 (Fla. 2016) (followed in *Lozada v. Hobby Lobby Stores, Inc.*, 702 F. App'x

904, 913-14 (11th Cir. 2017)). In the instant case, at Elbadramany's request the Court has had the opportunity to review the statements of the Plaintiff, the police report, and also certain photographs of the subject incident which were entered into evidence during the evidentiary hearing on June 21, 2022. At the June 21, hearing Elbadramany's central argument was that the Plaintiff's claims were false and not brought in good faith. An argument which the Court rejected after reviewing the evidence. Moreover, at no time did Elbadramany contest the authenticity of the Plaintiff's statement or the police report. Based on this record it is apparent that the Plaintiff's report to the authorities was made in good faith, as there was no dispute that Elbadramany was present and made physical contact with the Plaintiff. Therefore, dismissal is proper on this ground as well.

**VI.** **Elbadramany's claim for malicious prosecution is barred as there was probable cause to charge him with  misdemeanor battery.**

14.     Elbadramany's claim for malicious prosecution must be dismissed as there was probable cause to arrest Elbadramany for misdemeanor battery. See Exhibit 1-3. In fact, Elbadramany's own allegations concede that there was probable cause for him to be charged with criminal battery after a determination by the Miami-Dade State Attorney's Office. *See Def.'s Countercl. at  90* ("Based on Ms. Svisitna's malicious lies to the police and to the State Attorney's office, Mr. Elbadramany was arrested, charged with a misdemeanor count of battery").

15.     A claim for malicious prosecution must fail if there was probable cause to arrest or charge a party. *See Sullivan v. City of Pembroke Pines*, No. 04-60067-CIV, 2005 U.S. Dist. LEXIS 46351, at *26-28 (S.D. Fla. Apr. 13, 2005). It is insufficient and irrelevant that the party may have been acquitted or that he otherwise prevailed in the criminal proceeding. *See Sponder v. Brickman*, 214 So. 2d 631, 632 (Fla. 3d DCA 1968) ("acquittal of a person tried for violating the law is not sufficient to establish the absence of probable cause for instituting criminal proceedings"); *Pinkerton v. Edwards*, 425 So. 2d 147, 148 (Fla. 1st DCA 1983); *Lund v. Rakofsky*, No. 98-7332-

CIV-DAVIS/BROWN, 1999 U.S. Dist. LEXIS 24344, at \*14-15 (S.D. Fla. Dec. 30, 1999). Moreover, as the only crime Elbadramany was charged with was misdemeanor battery, he must establish a lack of probable cause as to this charge alone.

16. Here it is undisputed that the charge for battery against Elbadramany was brought against him after an independent determination by the Sunny Isles Beach Police Department and Miami-Dade County State Attorney. **See Exhibits 1-3.** This fact is fatal to Elbadramany's claim for malicious prosecution. *See Martinez v. Brink's, Inc.*, 171 F. App'x 263, 268 (11th Cir. 2006) (citing *Dorf v. Usher*, 514 So. 2d 68, 69 (Fla. 4th DCA 1987) (holding that malicious prosecution plaintiff could not establish probable cause where state attorney made independent decision to prosecute without interference by defendant).

17. Similarly, in *Molina v. 0115576 Jiffy Lube Int'l, Inc.*, 345 F. App'x 412, 414 (11th Cir. 2009), the Eleventh Circuit Court of Appeals found that where both the police department and Miami-Dade State Attorney's Office conducted an independent investigation before electing to charge the plaintiff with a crime; probable cause was established and therefore the plaintiff malicious prosecution claim was subject to dismissal. Additionally, whether the State Attorney elected to drop the battery charge against Elbadramany is completely irrelevant to a judicial analysis of whether probable cause initially existed to charge Elbadramany with a crime. As explained by the Eleventh Circuit in *Wynn v. City of Griffin*, No. 19-10479, 2021 U.S. App. LEXIS 31167, at \*21 (11th Cir. Oct. 18, 2021), a "prosecutor may exercise his or her discretion not to pursue a particular prosecution for any number of reasons, none of which have to do with probable cause. . . [e]xpressing doubt as to the probable success of the State at trial is by no means synonymous with an acknowledgement that the charging officer lacked probable cause to bring the charge in the first place."

18.    However, in addition to the undisputed fact that Elbadramany was charged with battery only after a probable cause determination by the Sunny Isles Beach Police Department and Miami-Dade State Attorney's Office; this Court has also had the opportunity to review the police report and information during a prior evidentiary hearing on June 21, 2022. Thus, the court is free to consider these documents in addition to Elbadramany's prior statements describing the seriousness of the charges against him and the threat to his freedom, such as those contained in his previous Motion to Dismiss [D.E.,15], and Motion to stay this case pending the outcome of his criminal proceeding [D.E., 42]. It bears noting that at no point in any of these pleadings has Elbadramany asserted that the State Attorney and Sunny Isles Beach Police lacked probable cause to charge him with misdemeanor battery. Therefore, as Elbadramany cannot establish lack of probable cause for the misdemeanor criminal charge of battery which was brought against him this Court should dismiss his malicious prosecution claim on this basis as well.

WHEREFORE, for the foregoing reasons Plaintiff requests that this Court dismiss the entirety of Elbadramany's counterclaim (Counts I & II) with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, a true copy of the foregoing was served by E-mail and CM/ECF E-service on all counsel or parties of record on the service list:

JONES WALKER LLP
Edward R. Shohat
Monique Garcia
David S. Weinstein
201 S. Biscayne Blvd.
Thirtieth Floor
Miami, Florida 33131
Telephone: 305-679-5700
Facsimile: 305-679-5710
eshohat@joneswalker.com
mgarcia@joneswalker.com
dweinstein@joneswalker.com
calvarez@joneswalker.com

Attorneys for Defendant TDR Towers Master Association, Inc.
LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
301 Yamato Road, Suite 4150
Boca Raton, FL 33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048
DANIEL J. SANTANIELLO
VALERIE R. EDWARDS
DENISE M. STOCKER
vedwards@insurancedefense.net
LUKSBOCA-Pleadings@LS-Law.com
LUKSMIA-Pleadings@LS-Law.com

By:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard, Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law


CARPENTER & ZUCKERMAN
John P. Kristensen (Pro Hac Vice Applicant)
Pejman Ben-Cohen (Pro Hac Vice Applicant)
Megan Gyongyos (Pro Hac Vice Applicant)
Email: kristensen@cz.law
        pej@cz.law
        mgyongyos@cz.law
8827 W. Olympic Blvd.
Beverly Hills, California 90211
(310) 273-1230 – TELEPHONE