UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

ELENA SVISTINA,

    Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

    Defendants.
_____/

## ORDER ON MOTIONS FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Plaintiff Elena Svistina's Motion for Leave to Amend, ECF No. [88] ("First Motion to Amend"), and Plaintiff's Second Motion for Leave to Amend, ECF No. [107] ("Second Motion to Amend"). The Motions are fully briefed.[1] The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the First Motion to Amend is granted, and the Second Motion to Amend is denied.

**I.   BACKGROUND**

On February 22, 2022, Plaintiff filed her Complaint against Defendant Elbadramany and TDR Towers Master Association, Inc. ("TDR") concerning events that occurred in a cabana of the Trump Towers Condominium in Sunny Isles, Florida, on June 18, 2021. ECF No. [1]. Plaintiff asserts the following counts against Elbadramany: sexual battery (Count I); negligence innkeeper's duty (Count II); negligent misrepresentation (Count III); false imprisonment (Count IV); invasion of privacy (Count V); and interception of communications under Fla. Stat. § 934.10 (Count VI).

---

[1] *See* ECF Nos. [97] (Response to First Motion to Amend), [100] (Reply), [114]-[115] (Responses to Second Motion to Amend), [117] (Reply).

*See generally id*. The Complaint contains a single count against TDR for negligence innkeeper's duty (Count VII). *Id.*

In the Scheduling Order of April 5, 2022, ECF No. [20], the Court set June 6, 2022 as the deadline to file motions to amend pleadings. The Court thereafter extended that deadline to August 5, 2022. ECF No. [50].

On July 28, 2022, Plaintiff filed her First Motion to Amend. ECF No. [88]. Therein, she requests leave to add three claims to her Complaint: a claim of negligence vicarious liability against TDR (Count VIII), negligence against Firstservice Residential Florida ("Firstservice"), TRD's property management company (Count IX), and negligent security against Allied Universal Security Services ("Allied Universal"), TDR's provider of security services (Count X). *Id.* at 20-34. TDR and Elbadramany oppose the First Motion to Amend on the grounds that amendment would be futile, and amendment would cause them to suffer undue prejudice. ECF Nos. [97] at 4, [98].

On August 25, 2022, Plaintiff filed her Second Motion to Amend, wherein she seeks leave to add an additional claim against Elbadramany for spoliation of evidence (Count XI). ECF No. [107-1] at 35-37. Elbadramany and TDR oppose on the ground that spoliation of evidence is not an independent cause of action, so the amendment would be futile. ECF Nos. [114], [115].

## II. LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith,

2

dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). A proposed amendment would be futile "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quotation marks omitted); *see also Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) ("In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)."). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at (b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). Accordingly, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

### III. DISCUSSION

#### A. The First Motion to Amend

3

Plaintiff's First Motion to Amend was filed within the Scheduling Order's deadline for the filing of amended pleadings, so the only issue is whether the proposed amendment is consistent with Rule 15(a)(2). As noted above, the proposed amended complaint adds a claim of negligence vicarious liability against TDR (Count VIII), and claims of negligence against two new defendants: Firstservice and Allied Universal (Counts IX and X). ECF No. [88] at 20-34.

In Response, TDR argues that the First Motion to Amend should be denied on the grounds of futility of amendment and undue prejudice. ECF No. [97] at 1. As to futility, TDR argues that the events complained of occurred in the interior of a cabana, over which Elbadramany had exclusive use and control. *Id.* at 2. TDR argues that neither TDR, nor Firstservice Residential, nor Allied Universal had a duty to monitor the activities within the cabana. *Id*. TDR attempts to support its Response with Exhibits, including responses to interrogatories and Allied Universal's daily activity log. *See* ECF Nos. [97-1]-[97-3]. As to undue prejudice, TDR argues that it would be forced to pay "unwarranted increased legal expense" if Plaintiff is permitted to add claims that, in TDR's view, are meritless. ECF No. [97] at 4.

Plaintiff replies that the Court should ignore the exhibits attached to TDR's response, since they are outside the pleadings. ECF No. [100] at 4. Plaintiff is correct. As noted above, to determine whether amendment is futile, the Court applies the same standard as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Adorno*, 443 F.3d 122 at 126. "In ruling on a motion to dismiss, the Court is constrained to review the allegations as contained within the four corners of the complaint and may not consider matters outside the pleading without converting the defendant's motion into one for summary judgment." *Crowell v. Morgan Stanley Dean Witter Services, Co.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000); *see also Milburn v. United States*, 734

F.2d 762, 765 (11th Cir. 1984) ("Consideration of matters beyond the complaint is improper in the context of a motion to dismiss[.]").

The contentions within TDR's Response are factual arguments which contradict the proposed amendment's assertions as to the Defendants' duties and the foreseeability of the events that occurred in the cabana. *See generally* ECF No. [97]. TDR does not argue that the allegations within the four corners of the proposed amendment fail to state a claim; rather, it argues that "documents produced in discovery" contradict Plaintiff's allegations. *Id*. at [97] at 2. Such arguments are inappropriate at this juncture.

Having considered the additional claims within Plaintiff's First Motion to Amend, filed within the deadline to file amended pleadings, the Court does not find that amendment would be futile or that any of the Defendants would suffer undue prejudice if leave to amend is granted. *See Bryant*, 252 F.3d at 1163. Accordingly, the First Motion to Amend is granted.

**B. The Second Motion to Amend**

In her Second Motion to Amend, Plaintiff seeks to add "an additional count for third-party spoliation of evidence as to Elbadramany." ECF No. [107] at 1. According to the proposed amendment, Elbadramany possessed videos documenting Elbadramany's alleged sexual assault of Plaintiff. ECF No. [107-1] at 35. Plaintiff alleges that Elbadramany "negligently or intentionally caused these videos to be altered, deleted, or destroyed." *Id.* at 36. Plaintiff asserts that she could not have moved to add this claim within the Scheduling Order's deadline for the filing of amended pleadings because the alleged destruction of evidence was not revealed until August 18, 2022, after that deadline passed. ECF No. [107] at 3.

In Response, Elbadramany and TDR do not contest the timeliness of Plaintiff's Second Motion to Amend. Given that lack of opposition and Plaintiff's credible allegation that the loss of

5

evidence was not established until August 18, 2022, the Court finds that Plaintiff has "complied with Rule 16(b)'s good cause requirement." *Smith*, 487 F.3d at 1367. The Court will therefore proceed with analyzing whether amendment is appropriate under Rule 15(a)(2).

Elbadramany argues that the proposed amendment is futile because "first-party spoliation of evidence is not an independent cause of action recognized in Florida." ECF No. [114] at 4 (citing *Martino v. Wal-Mart Stores, Inc.*, 908 So. 2d 342, 347 (Fla. 2005)); *see also id.* at 6-7 (citing cases from this District agreeing that first-party spoliation of evidence is not an independent claim).

In Reply, Plaintiff directs the Court to *Kimball v. Publix Super Mkts., Inc.*, 901 So. 2d 293, 296 (Fla. 2d DCA 2005). ECF No. [117] at 3. In *Kimball*, a plaintiff sued a grocery store and an unidentified shopper who allegedly struck and injured the plaintiff with a motorized cart. 901 So. 2d at 295. Employees of the grocery store recorded the name and contact information of the hit-and-run grocery shopper, but they subsequently lost that information. *Id.* The Plaintiff sought leave to amend so she could add a spoliation claim against the grocery store. *Id.* at 296. The *Kimball* court noted that Florida law "will not recognize a claim for spoliation when the alleged spoliator and the defendant in the underlying cause of action are the same," but it nonetheless allowed amendment because the grocery store's loss of evidence "impaired [the plaintiff's] ability to bring a claim against the unidentified shopper, not [the grocery store]." *Id*.

Plaintiff's reliance on *Kimball* is misplaced because *Kimball* preceded *Martino*, 908 So. 2d at 347, wherein the Supreme Court of Florida clarified that first-party spoliation is not an independent cause of action. The *Martino* court clearly defined "[f]irst-party spoliation claims" as "claims in which the defendant who allegedly . . . destroyed the evidence was also *a* tortfeasor in causing the plaintiff's injuries or damages." 908 So. 2d at 345 n.2 (emphasis added to show that *Martino* apparently contemplated the scenario of multiple tortfeasors). In contrast, "third-party

6

spoliation claims" arise "when a person or an entity, *though not a party to the underlying action causing the plaintiff's injuries or damages* . . . destroyed evidence critical to that action." *Id*. (emphasis added). Thus, contrary to Plaintiff's argument, ECF No. [117] at 3, the existence of multiple defendants in a case does not transform a first-party spoliation claim – that is, a claim against "a tortfeasor in causing the plaintiff's injuries" – into a third-party spoliation claim, which exists only when the spoliator is "not a party to the underlying action." *Id.*

To the extent *Kimball* is still good law, it arguably allows a narrow exception to *Martino* when a defendant allegedly destroys evidence that does not implicate the defendant itself, but rather a third party against whom the Plaintiff wishes to file suit. 901 So. 2d at 296. Those circumstances are not present here, where Elbadramany is the primary Defendant in this lawsuit, the allegedly destroyed video would primarily implicate him, and there is no indication that the video could reveal the identity of additional yet-to-be-named parties.

Indeed, as Elbadramany points out, ECF No. [117] at 5, Plaintiff arguably recognizes that her spoliation claim against Elbadramany cannot exist as an independent claim. Plaintiff states that she "does not seek damages or relief against Elbadramany for spoliation of evidence in this Count, but will seek affirmative relief and introduction of evidence at trial[.]" ECF No. [107-1] at 36 n.2. The Court is at a loss as to why Plaintiff seeks to add a claim for which she seeks no relief. Regardless, her Second Motion to Amend is denied as futile. *See Bryant*, 252 F.3d at 1163.

IV.    **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's First Motion to Amend, **ECF No. [88]**, is **GRANTED**. Plaintiff shall file her Amended Complaint no later than **September 26, 2022**.

2. Plaintiff's Second Motion to Amend, **ECF No. [107]**, is **DENIED**.

3. Plaintiff's Motion to Dismiss Elbadramany's Counterclaim, **ECF No. [84]**, is **DENIED as moot.**

4. Plaintiff's Motion to Strike TDR's Affirmative Defenses, **ECF No. [94]**, is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record