UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20525-BLOOM/Otazo-Reyes**

ELENA SVISTINA,

    Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

    Defendants.
_____/

## ORDER ON OBJECTION TO DISCOVERY ORDER

**THIS CAUSE** is before the Court upon the Objection to Magistrate's Order on Denial to Compel a Complete Response to the Fed. R. Civ. P. 45 Subpoena Served on Couchsurfing International, ECF No. [99] ("Objection"), filed by Plaintiff Elena Svistina ("Svistina"). Non-party Couchsurfing International ("Couchsurfing") filed a Response, ECF No. [113], to which Svistina filed a Reply, ECF No. [116]. The Court has carefully reviewed the Objection, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objection is overruled.

**I.    BACKGROUND**

In her Amended Complaint,[1] Svistina alleges that Defendant Mark Elbadramany "lured" her to a cabana at the Trump Towers Condominium in Sunny Isles, Florida, through his listing on Couchsurfing.com. ECF No. [121] at ¶¶ 4-5. Couchsurfing.com is a website that allows individuals

---

[1] At the time the Magistrate Judge rendered the decision to which Svistina objects, the Complaint was the operative pleading. *See* ECF No. [1]. The Amended Complaint contains no new allegations that would affect the Magistrate Judge's decision.

to "make their homes available to travelers for the ostensible purpose of good will, friendship, and cultural exchanges." *Id.* ¶ 6.

Svistina alleges that Elbadramany sexually assaulted her at the cabana (Count I), breached his duty of care to her (Count II), misrepresented his purpose in inviting her (Count III), and falsely imprisoned her (Count IV). *Id.* at 4-12. She further alleges that Elbadramany videorecorded her without her knowledge or consent (Count V), and unlawfully recorded her communications (Count VI). *Id.* at 13-16.

Svistina additionally sues TDR Towers Master Association, Inc. ("TDR"), the condominium association, under theories of "Negligence Innkeeper's duty" (Count VII) and "Negligence vicarious liability" (Count VIII). *Id.* at 16-24. She sues FirstService Residential Florida, Inc., the condominium's management company, under a theory of "Negligence" (Count IX). *Id.* at 24-29. Lastly, she sues Universal Protection Service, LLC, *d/b/a* Allied Universal, the condominium's security services provider, under a theory of "Negligent Security" (Count X). *Id.* at 30-34.

On July 28, 2022, Svistina served non-party Couchsurfing with a Rule 45 subpoena "for the purpose of identifying relevant and necessary witnesses[.]" ECF No. [99] at 6. Couchsurfing complied in part, producing over 2,000 pages from Elbadramany's Couchsurfing account, including private messages exchanged between Elbadramany and third parties on the Couchsurfing application. ECF No. [113] at 2. However, Couchsurfing redacted the identifying personal information of those third parties, such as their names, telephone numbers, and addresses. ECF No. [99] at 6.

Svistina objected to Couchsurfing's redactions and demanded that Couchsurfing produce the guests' identifying information, including their "phone, email, photo, address, real name etc."

2

ECF No. [83] at 2. On July 28, 2022, Magistrate Judge Alicia Otazo-Reyes held a discovery hearing. ECF No. [89]. She questioned the parties at length as to the relevancy of the user identifying information and the privacy interests at stake. *See generally* ECF No. [113-1]. Following that hearing, the Magistrate Judge entered an order and amended order denying Svistina's request. ECF Nos. [85], [91]. The Amended Order states in relevant part:

> Plaintiff's request to compel a complete response to the Rule 45 subpoena served on Couchsurfing International ("Couchsurfing") is DENIED. Couchsurfing's response to the subpoena with the personal and contact information of Defendant's Couchsurfing customers redacted for privacy reasons is deemed complete as served. This ruling is without prejudice to Plaintiff renewing her request upon presentation of a predicate sufficient to overcome Couchsurfing's privacy objections.

ECF No. [91] at 2.

On August 11, 2022, Svistina filed the instant Objection to the Magistrate Judge's decision. ECF No. [99]. Svistina asserts that the identifying information is "integral" to her claims against Elbadramany and the other Defendants, and there is no valid basis for Couchsurfing to withhold that information. *Id.* at 5-6.

Couchsurfing responds that the identifying information is irrelevant to Svistina's claims, and it would unduly burden Couchsurfing to produce that information because Couchsurfing would have to ensure compliance with the privacy laws and regulations of the countries in which the third-party users reside. ECF No. [113]. Couchsurfing further argues that Svistina's objection is premature since Svistina has not availed herself of the Magistrate Judge's invitation to renew her request with a "predicate" showing that disclosure of the user identifying information is appropriate. *Id*. at 1.

II.   **LEGAL STANDARD**

As an initial matter, Svistina asserts that the Court should review the Magistrate Judge's

discovery order *de novo*. ECF No. [99] at 13 (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(3), and S.D. Fla. Magistrate Judge Rule 4(b)). Svistina is incorrect because the discovery order is not a dispositive matter. Rather, it is a "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). As such, the Court reviews the Magistrate Judge's order according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1).

The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

In general, the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A district court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* at (c)(1). Such an order may "limit[ ] the scope of disclosure or discovery to certain matters." *Id.* at (c)(1)(D).

### III. DISCUSSION

The Court agrees with Couchsurfing that Svistina's Objection is premature. "[A] subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). "While the threshold for showing relevance is relatively low, the proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." *Cardenas v. Toyota Motor Corp.*, No. 18-cv-22798, 2020 WL 5291936, at *1 (S.D. Fla. Sept. 3, 2020) (alteration in the original; quotation marks omitted). Information is relevant if it tends to make a fact of consequence "more or less probable." Fed. R. Evid. 401. In the discovery context, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In this case, the credibility of both Svistina and Elbadramany is critical. To the extent other Couchsurfers experienced assaults or invasions of privacy while staying with Elbadramany, those individuals' testimony would potentially be relevant to impeaching Elbadramany's testimony and bolstering Svistina's claims. *See* Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment) (noting that "other incidents of the same type . . . could be properly discoverable"). Svistina intends to use the identifying information to contact Elbadramany's former Couchsurfing guests, with the hope that they will testify to events like those alleged to have befallen Svistina in this case. ECF No. [99] at 14-15.

However, it is unclear whether Svistina requires the user identifying information to contact Elbadramany's former guests. The names, phone numbers, and email addresses of those Couchsurfers are not directly relevant to Svistina's claims, but that information could be

discoverable if it "reasonably could lead to" testimony that bears on this case. *Oppenheimer Fund*, 437 U.S. at 351. From the record, the Court cannot ascertain whether Couchsurfing's production included the usernames of Couchsurfers who corresponded with Elbadramany or whether such usernames would be sufficient for Svistina to contact those individuals. To the extent that Svistina already has sufficient information to contact the Couchsurfers, the relevancy of the requested information drops to zero.

Relatedly, the Court lacks evidence regarding the burden upon Couchsurfing of producing the requested information. There appear to be two categories of information that Couchsurfing has withheld: (1) information redacted from messages sent to and from Elbadramany; and (2) underlying contact information that Couchsurfing users submitted exclusively to Couchsurfing when they opened their accounts. *See* ECF No. [83] at 2. The Magistrate Judge's decision did not differentiate between these two sets of information, which likely differ in terms of privacy interests. Information within Elbadramany's conversations was voluntarily divulged by the third parties not only to Couchsurfing, but also to Elbadramany, a Defendant in this case. Privacy interests relating to that information would logically be less significant than those relating to contact information provided exclusively to Couchsurfing. The likely reason that the Magistrate Judge declined to address the specific types of information withheld is that Couchsurfing's production was not presented to the Magistrate Judge for *in camera* review, despite the Magistrate Judge's invitation for Svistina to renew her request with a predicate showing that the information Svistina seeks is relevant and proportional to the needs of this case.

Due to the lack of information regarding the requested information's relevancy and the burden upon Couchsurfing of producing it, Svistina has failed to demonstrate that the Magistrate Judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Svistina's Objection, **ECF No. [99]**, is **OVERRULED**. Consistent with the Magistrate Judge's ruling, Svistina may renew her request to the Magistrate Judge.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 4, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record