**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

CASE NO. 1:22-cv-20525-BB

ELENA SVISTINA,

     Plaintiff,

v.

MARK FADEL ELBADRAMANY;
TDR TOWERS MASTER ASSOCIATION, INC.;
FIRSTSERVICE RESIDENTIAL FLORIDA, INC.;
UNIVERSAL PROTECTION SERVICE, LLC d/b/a
ALLIED UNIVERSAL SECURITY SERVICES,

     Defendants.

_____/

**DEFENDANT TDR TOWERS MASTER ASSOCIATION, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**
**AND CROSSCLAIM**

Defendant, TDR TOWERS MASTER ASSOCIATION, INC. ("TDR Master" or "Defendant"), by and through undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint in the above-captioned matter (hereinafter referred to as "Complaint") (D.E. 121), hereby admits, denies, and avers as follows:

**General Allegations Applicable to all Counts**

1. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, subparagraph a, related to the citizenship of Plaintiff, and therefore denies same. Defendant admits the allegations contained in subparagraphs b, c, and d of paragraph 1 of the Complaint. Defendant denies that Universal Protection Service, LLC d/b/a Allied Universal Security Services is a California corporation, and

is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in subparagraph 1.e.i. of the Complaint and therefore denies same.

2. Defendant admits the allegations of paragraph 2 of the Complaint for jurisdiction only.

3. In response to paragraph 3 of the Complaint, Defendant asserts that the allegation contains a description of the pleader's legal theory without any factual allegations to which a response admitting or denying the allegation is required.

4. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and therefore denies same.

5. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and therefore denies same.

6. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint as phrased, and therefore denies same.

7. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and therefore denies same.

8. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

### Counts I through VI

9-79. The allegations contained in Counts I through VI the Complaint, paragraphs 9 through 79, are not directed to TDR Master. Therefore, TDR Master is not required to answer the individual paragraphs included in Counts I through VI. To the extent that any allegations within Counts I through VI could be construed against TDR Master, those allegations are expressly denied.

## Count VII
(Negligence Innkeeper's duty – TDR Master)

80.     Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 8 above as if fully set forth herein.

81.     Defendant admits the allegations contained in paragraph 81 of the Complaint.

82.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Complaint, and therefore denies same.

83.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint, and therefore denies same.

84.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint, and therefore denies same.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies the allegations as stated in paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint and demands strict proof thereof.

91.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint related to Elbadramany's providing Plaintiff with access to a cabana and the contents of the cabana, and therefore denies same. Defendant denies that TDR Master owned and operated the cabana as alleged in paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Complaint and demands strict proof thereof.

93.     Defendant denies the allegations contained in paragraph 93 of the Complaint, including subparagraphs i. and j. thereof.

94.     Defendant denies the allegations contained in paragraph 94 of the Complaint, including subparagraphs a. through n. thereof, and demands strict proof thereof.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint and demands strict proof thereof.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint and demands strict proof thereof.

97.     Defendant denies the allegations contained in paragraph 97 of the Complaint and demands strict proof thereof.

## Count VIII

(Negligence vicarious liability for breach of nondelegable duties – TDR Master)

98.     Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 8 above as if fully set forth herein.

99.     Defendant admits the allegations contained in paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint

102.    Defendant denies the allegations as stated in paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint, including subparagraphs a. through f. thereof.

104.    Defendant denies the allegations as stated in paragraph 104 of the Complaint.

105.    Defendant denies the allegations as stated in paragraph 105 of the Complaint.

106.    Defendant denies the allegations as stated in paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in paragraph 107 of the Complaint, including subparagraphs a. 1) through a. 8) thereof.

108.    Defendant denies the allegations contained in paragraph 108 of the Complaint, including subparagraphs 1) through 10) thereof.

109.    Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in paragraph 111 of the Complaint.

## Counts IX through X

112-154.    The allegations contained in Counts IX through X of the Complaint, paragraphs 112 through 154, are not directed to TDR Master. Therefore, TDR Master is not required to answer the individual paragraphs included in Counts IX through X.  To the extent that any allegations within Counts IX through X could be construed against TDR Master, those allegations are expressly denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant TDR Towers Master Association, Inc. requests that Plaintiff's Complaint be dismissed as to TDR Towers Master Association, Inc. and that this Court grant such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

TDR Towers Master Association, Inc. (hereinafter "TDR Master" or "Defendant") asserts the following Affirmative Defenses to Plaintiff's Complaint:

5

1.      The Complaint fails to state a cause of action for negligence under the circumstances of this case.  The law does not recognize a cause of action for "Negligence – Innkeeper's Duty," as set forth in the Complaint.

2.      Any alleged injuries and damages sustained by Plaintiff were a direct and proximate result of the comparative negligence of Plaintiff and was negligent in her conduct, and such comparative negligence was the proximate cause of any alleged injuries and damages. Accordingly, any award for injuries or damages to Plaintiff shall be either barred or proportionately reduced by the comparative negligence of the Plaintiff.  Such negligence includes, but is not limited to, Plaintiff's failure to investigate Mr. Elbadramany's reputation as a host, failure to request references from Mr. Elbadramany and to check same, failure to check for any prior activity involving claims of assault against Mr. Elbadramany, failure to leave the premises following her seeing the security camera and equipment in the subject premises, failure to request that Mr. Elbadramany turn off the security camera, and failure to check in at any area of the Trump Towers property and request an escort with Mr. Elbadramany to the subject property, failure to leave the premises following the alleged initial encounter with Mr. Elbadramany, failure to immediately notify the Sunny Isles Beach Police Department of the incident involving Mr. Elbadramany, and failure to immediately notify the security personnel on site at the subject property of the incident involving Mr. Elbadramany.

3.      Any injuries sustained by Plaintiff were caused solely, proximately and directly by Plaintiff's own negligence and failure to exercise ordinary care for her own safety.

4.      The incident alleged in the Complaint was not foreseeable, or reasonably foreseeable, as no prior assault or other actions by Mr. Elbadramany to parties such as Ms. Svistina had been reported to Defendant, Mr. Elbadramany did not notify Defendant of his intent to invite

Ms. Svistina to stay overnight in the cabana, and did not register her as a guest with Defendant, and accordingly Defendant has no liability based upon the allegations in the Complaint.

5.        Defendant is entitled to a set-off for any and all compensation received by Plaintiff from any source as a result of the incident alleged in the Complaint.  Further, Defendant is entitled to a set-off for any and all sums received by Plaintiff from any other source, whether or not a party to this action, in full or partial payment for any injury received or damages sustained by Plaintiff as a result of the incident alleged in the Complaint.  Such sources may include, but not be limited to, medical provider/insurance carrier agreements for provision of adjustments, writeoffs and/or discounts to medical bills claimed by Plaintiff.

6.        To the extent Defendant is found to be at fault, which fault is specifically denied, it is entitled to an apportionment of damages, if any, in accordance with Section 768.81, Florida Statutes and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).  Further, the Court shall enter judgment against each party on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of the Plaintiff, the Court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.  The subject parties that may be liable include the co-defendants named in this or any prior or subsequent complaint, and this defendant incorporates by reference the allegations made against Defendant Elbadramany in the complaint. Other parties include, but may not be limited to, front desk attendants employed by other condominium associations at Trump Towers who may have witnessed Plaintiff's entry on to the property and who failed to report any unauthorized entry or suspicious activity to TDR Towers Master Association or security personnel employed by Defendant. Should the Plaintiff settle with or dismiss any named co-defendant(s), then this

answering Defendant reserves the right to adopt and incorporate these same allegations against them.

7.      Defendant TDR MASTER did not own, maintain, or exercise control over the subject property at the time and place alleged in Plaintiff's Complaint.  Per the cabana assignment agreement attached hereto as Exhibit 1, the cabana where the incident occurred was under the sole use and control of Defendant Elbadramany at the time of the incident complained of in the Complaint.

8.      At the time and place complained of, the plaintiff so carelessly and negligently conducted herself, thus barring or reducing proportionately all claims for damages against Defendant.   Defendant is entitled to a reduction in any damages assessed herein for an apportionment of Plaintiff's comparative fault.

9.      Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

10.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident thereto.  The incident and damages complained of by Plaintiff in this Complaint were due to the ordinary risk expressly assumed by the Plaintiff in reaching out to Defendant Elbadramany, who she did not know, and inviting herself to stay at his home as a couchsurfing guest.   Plaintiff did no investigation on her own prior to her arrival at the property as to the condition of the property where she would be staying, what type of accommodations were to be actually offered, and set up her visit on a sharing site, as opposed to staying at a commercial

hotel/motel or searching and reserving a place to stay through a recognized vacation rental organization that has vetted its members and provides assurances to users. To Defendant's knowledge, couchsurfing.com is a site that makes no guarantees of the condition of its hosts' premises, security measures in place to protect guests, or that certifies its hosts. Accordingly, any potential dangers to Ms. Svistina's safety should have been open and obvious, and Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks posed to her safety.

11. This Defendant had insufficient notice regarding the problems complained of by Plaintiff in the Complaint. Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken. Defendant further avails itself all defenses and burdens required of plaintiffs pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12. The injury and incident complained of occurred despite adequate and reasonable security precautions undertaken on behalf of Defendant, which included retention of a security company to patrol the exterior common areas, imposition of rules and regulations that prohibited use of the cabanas as an accommodation of guests of the cabana owners, and use of security cameras at the subject property.

13. Defendant did not have possession of the premises where Plaintiff's injury is alleged to have occurred, and/or otherwise exclusive possession was had by others not subject to this answering Defendant's control, including Defendant Elbadramany, to whom the exclusive use and possession of the cabana had been assigned. Therefore, the exclusivity of possession defense relieves this answering Defendant of any liability or duty to Plaintiff.

14.     Plaintiff failed to mitigate her damages, if any.  Plaintiff failed to seek immediate medical attention at the time of the incident.  Additionally, upon information and belief,  Plaintiff delayed seeking treatment for her alleged injuries.  Plaintiff also did not follow medical advice related to prescribed medications.

15.     Defendant states that, upon information and belief, Plaintiff was under the influence of alcoholic beverage(s) and/or drug(s) at the time of the incident described in the Complaint, and is therefore barred from recovery pursuant to Florida law, including, but not limited to, Florida Statute Section 768.36.  Defendant will request leave to supplement or amend this affirmative defense following Plaintiff's production of medical records and responding to discovery related to the use of alcoholic beverages and/or drugs at the time of the incident described in the Complaint.

16.     Upon information and belief, because Plaintiff was not registered as a guest of Defendant Elbadramany, she was not authorized to access common areas maintained by TDR Towers Master Association, or permitted to use areas that had been designated as restricted in use pursuant to the rules and regulations in effect at the property on the date of the incident, such as Mr. Elbadramany's cabana, Plaintiff was a trespasser under Florida law, and accordingly, Defendant owed only duties to Plaintiff as a trespasser and is therefore not responsible to Plaintiff as alleged in the Complaint.

17.     To the extent Defendant is found to be at fault, which fault is specifically denied, Defendant seeks to and does apportion fault against co-Defendant Allied Universal, based on its status as an independent contractor the co-Defendant/assailant for his intentional wrongdoing resulting in the subject incident. Defendant recognizes that the decision of the Florida Supreme Court in *Merrill Crossings Associates v. McDonald*, 705 So. 2d 560 (Fla. 1997), precludes the apportionment of fault between Defendants and intentional tortfeasors; however, it is Defendant's

position that such law is no longer applicable in light of changes made by the Florida Legislature to Fla. Stat. Section 768.81 in 2011.

18.     The actions of the assailant were not deterrable by reasonable and/or adequate security measures for the subject premises.

19.     Defendant cannot be held vicariously liable to any alleged negligence of Universal Protection Services, LLC dba Allied Universal based on its status as an independent contractor. *See Martinez v. Miami-Dade County,* 32 F. Supp. 3d 1232, 1237 (S.D. Fla. 2014).

20.     Defendant cannot be held vicariously liable for the alleged negligence of Firstservice Residential's employees based on their status as independent contractors. *Id.*

21.     Defendant cannot be held liable on a theory of vicarious liability because Plaintiff's negligence causes of action fail as to co-defendants Universal Protection Services, LLC and Firstservice Residential. *See Flaherty v. Royal Caribbean Cruises, Ltd.,* 172 F. Supp. 3d 1348, 1352-53 (S.D. Fla. 2016) (citations omitted).

22.     Defendant hereby adopts by reference any and all Affirmative Defenses raised by any other Defendant in this cause.

23.     Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

24.     Defendant reserves the right to seek leave to amend its Answer and Affirmative Defenses if appropriate after full investigation and discovery.

## CROSSCLAIM

TDR Towers Master Association, Inc. ("TDR" or Crossclaimant), for its crossclaim against Mark Fadel Elbadramany ("Elbadramany" or Crossdefendant) and Universal Protection Service,

LLC dba Allied Universal Security Services ("Allied" or Crossdefendant), hereby states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Crossclaimant TDR is a Florida corporation with its principal place of business in the State of Florida.

2.      Crossdefendant Elbadramany is a resident of the state of Florida.

3.      Crossdefendant Allied is a Delaware limited liability company with its principal place of business in California.

4.      Jurisdiction and venue are appropriate in this Court as TDR's crossclaims against Elbadramany and Allied arise out of the same facts and circumstances as the Complaint filed in this matter.

## COUNT 1 – BREACH OF CONTRACT - ELBADRAMANY

5.      Crossclaimant incorporates by this reference the allegations contained in paragraphs 1 through 4 above as if fully set forth herein.

6.      Elbadramany is a the owner of a condominium unit located in Trump Towers II.

7.      Elbadramany possesses the exclusive right to use Cabana 2, located at Trump Towers, and Cabana 2, is an appurtenance to Elbadramany's condominium unit pursuant to an Assignment of Exclusive Right to Use Cabana ("Assignment"), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference.

8.      Elbadramany is an Owner and Member as defined by the Declaration of Condominium for TDR Towers Master Association recorded at Miami-Dade County Clerk of Court Records, Book 26156, Page 2423, a true and correct copy of which is attached hereto as Exhibit 2.

12

9.      Elbadramany's use of the cabana is governed by TDR Rules and Regulations, a true and correct copy of which is attached as Exhibit 3.

10.     Pursuant to the Assignment, Elbadramany agreed to indemnify and hold TDR, and its directors, officers, members, owners, residents, invitees, agents, and employees harmless from all claims, damages, losses and expenses, including attorney's fees, arising out of resulting from the assignment of the cabana.

11.     Elbadramany received the exclusive right to use Cabana 2, which is where the actions complained of by Plaintiff, which are disputed, occurred, as a result of the assignment of the cabana.

12.     Plaintiff's claims against TDR in this matter, which are disputed, result from Elbadramany's use of the cabana.

13.     TDR has complied with all conditions necessary to trigger the indemnification obligation contained in the Assignment, as it provided notice of the claim in writing to Elbadramany, and tendered the defense of the claim to Elbadramany.

14.     Elbadramany has not accepted the tender of defense and indemnity and  is, therefore, in breach of the Assignment.

15.     Elbadramany agreed to be bound by the Declaration and Rules and Regulations adopted under the Declaration.

16.     The Rules and Regulations require guests of owners to be signed in or registered at a Tower front desk or the Management Office.

17.     The Rules and Regulations prohibit anyone from staying in the cabanas overnight.

18.     Elbadramany did not register Plaintiff as a guest at any of the Towers.  Upon information and belief, Elbadramany secreted Plaintiff on to the property, evaded security, and

13

took her to Cabana 2 on the date of the incident complained of by Plaintiff herein, and gave her permission, without any notification to TDR, or Allied, or anyone else, to stay in Cabana 2 overnight.

19.     Based on Plaintiff's allegations herein, which are disputed, but if proven, Elbadramany is in breach of the Declaration and Rules and Regulations governing the use of the cabana.

20.     Based on Elbadramany's lack of acceptance of TDR's tender of defense and indemnity under the Assignment, and based on his failure to comply with the Declaration and Rules and Regulations, Elbadramany is in breach of the Assignment.

21.     As a direct and proximate result of said breaches of contract, Crossclaimant has incurred and will continue to incur attorneys' fees and costs and expenses, and Crossclaimant will suffer direct and consequential damages in an amount not yet known, but in excess of this Court's minimum jurisdictional amount and is entitled to recover same from Crossdefendant.

WHEREFORE, Crossclaimant, TDR Master Association, Inc., demands judgment against the Crossdefendant, Mark Fadel Elbadramany, for any damages that may be adjudged against TDR Master Association, Inc. as a consequence of Elbadramany's actions alleged herein,  including all court costs and attorney's fees incurred by TDR Master Association, Inc. in defending Plaintiff's claims and in prosecuting its claims against Elbadramany, together with interest thereon and such other and further relief as this Court deems just and proper.

## <u>COUNT 2 – CONTRACTUAL INDEMNITY - ELBADRAMANY</u>

22.     Crossclaimant incorporates by this reference the allegations contained in paragraphs 1 through 4 and 6 through 13 above as if fully set forth herein.

23.     In the Amended Complaint, Plaintiff has alleged she has been damaged, at least in part, as a result of Elbadramany's use of the cabana, and by TDR's actions in providing security related to the cabana, which are disputed.

24.     TDR has denied any and all claims of liability for the damages alleged by Plaintiff in the Amended Complaint.

25.     Pursuant to the above-referenced Assignment, Elbadramany agreed to indemnify TDR for any and all damages arising out of the Assignment.

26.     Plaintiff has also alleged that Elbadramany committed various torts against Plaintiff within the Cabana, which are disputed.

27.     Should TDR be found liable to Plaintiff, against its earnest contentions to the contrary, such liability is derivative, technical and vicarious, and as a direct and proximate result of Elbadramany's alleged actions arising out of his exclusive use and possession of Cabana 2, which he obtained pursuant to the Assignment, and TDR has suffered direct and consequential damages for which TDR is entitled to indemnification pursuant to the Assignment.

WHEREFORE, Crossclaimant, TDR Master Association, Inc., demands judgment against the Crossdefendant, Mark Fadel Elbadramany, for any damages that may be adjudged against TDR Master Association, Inc. as a consequence of Elbadramany's actions alleged herein,  including all court costs and attorney's fees incurred by TDR Master Association, Inc. in defending Plaintiff's claims and in prosecuting its claims against Elbadramany, together with interest thereon and such other and further relief as this Court deems just and proper.

### COUNT 3 – BREACH OF CONTRACT - ALLIED

28.     Crossclaimant incorporates by this reference the allegations contained in paragraphs 1 through 4 above as if fully set forth herein.

15

29.     Allied entered into a contract with TDR to provide security officer services at Trump Towers condominium on or about July 20, 2017 (referred to as the "Allied contract").  A true and correct copy of the Allied contract is attached hereto as Exhibit 4.

30.     Pursuant to Sections A and B of the Allied contract, Allied was responsible for providing qualified, trained, careful and efficient employees in the strictest conformity with the best practices and standards, and Allied was responsible for training and supervision of all security officers assigned to the subject property, and that such officers would be competent in performing their duties.

31.     Pursuant to Section F.2 of the Allied contract, Allied was required to cause TDR to be named as an additional insured on its general liability insurance.

32.     Section F.5 of the Allied contract, Allied agreed to "defend, hold harmless and indemnify" TDR "from and against all claims, actions, liabilities, damages, losses, costs and expenses (including reasonable attorney's fees) directly resulting from the performance of the Services" under the contract.  Paragraph G.14 provides that the indemnity provision survives the termination of the contract.

33.     TDR has complied with all conditions necessary to trigger the indemnification obligation contained in the Allied contract, as it provided notice of the claim in writing to Allied, and tendered the defense of the claim to Elbadramany.

34.     Based on Plaintiff's allegations herein, which are disputed, but if proven, Allied is in breach of the Allied contract by failing to provide security officers as called for in the Allied contract.

35.     Upon information and belief, Allied failed to cause TDR to be named as an additional insured under its general liability insurance policies as required by the Allied contract,

16

and therefore, Allied is in breach of the contract.

36.     Based on Allied's lack of acceptance of TDR's tender of defense and indemnity under the Allied contract, Allied is in breach of the indemnification provision of the contract.

37.     As a direct and proximate result of said breaches of contract, Crossclaimant has incurred and will continue to incur attorneys' fees and costs and expenses, and Crossclaimant will suffer direct and consequential damages in an amount not yet known, but in excess of this Court's minimum jurisdictional amount and is entitled to recover same from Crossdefendant.

WHEREFORE, Crossclaimant, TDR Master Association, Inc., demands judgment against the Crossdefendant, Allied, for any damages that may be adjudged against TDR Master Association, Inc. as a consequence of Allied's actions alleged herein,  including all court costs and attorney's fees incurred by TDR Master Association, Inc. in defending Plaintiff's claims and in prosecuting its claims against Allied, together with interest thereon and such other and further relief as this Court deems just and proper.

## COUNT 4 – CONTRACTUAL INDEMNITY - ALLIED

38.     Crossclaimant incorporates by this reference the allegations contained in paragraphs 1 through 4 and 29, 32, and 33above as if fully set forth herein.

39.     In the Amended Complaint, Plaintiff has alleged she has been damaged, at least in part, as a result of Allied's negligence in providing security at the TDR Towers condominium property, which are disputed.

40.     TDR has denied any and all claims of liability for the damages alleged by Plaintiff in the Amended Complaint.

41. Pursuant to the above-referenced Allied contract, Allied agreed to indemnify TDR for any and all damages arising out of the Allied's providing security officer services at the subject property.

42. Should TDR be found liable to Plaintiff, against its earnest contentions to the contrary, such liability is a direct and proximate result of Allied's negligence in providing security officers and related services at the subject property, and TDR has suffered direct and consequential damages for which TDR is entitled to indemnification pursuant to the Allied contract.

WHEREFORE, Crossclaimant, TDR Master Association, Inc., demands judgment against the Crossdefendant, Allied, for any damages that may be adjudged against TDR Master Association, Inc. as a consequence of Allied's actions alleged herein, including all court costs and attorney's fees incurred by TDR Master Association, Inc. in defending Plaintiff's claims and in prosecuting its claims against Allied, together with interest thereon and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

TDR Towers Master Association, Inc. demands a jury trial on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2022 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

18

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for TDR Towers Master Association, Inc.
301 Yamato Road
Suite 4150
Boca Raton, FL 33431
Telephone:  (561) 893-9088
Facsimile:  (561) 893-9048

By:  */s/: Valerie R. Edwards*
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    VALERIE R EDWARDS
    Florida Bar No.:  104355
    LUKSBOCA-Pleadings@LS-Law.com