**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

CASE NO. 1:22-cv-20525-BB

ELENA SVISTINA,

      Plaintiff,

v.

MARK FADEL ELBADRAMANY;
TDR TOWERS MASTER ASSOCIATION, INC.;
FIRSTSERVICE RESIDENTIAL FLORIDA, INC.;
UNIVERSAL PROTECTION SERVICE, LLC d/b/a
ALLIED UNIVERSAL SECURITY SERVICES,

      Defendants.

_____

TDR TOWERS MASTER ASSOCIATION, INC.,
FIRSTSERVICE RESIDENTIAL FLORIDA, INC.,

      Cross-Claimants,

v.

MARK FADEL ELBADRAMANY,
UNIVERSAL PROTECTION SERVICE, LLC d/b/a
ALLIED UNIVERSAL SECURITY SERVICES,

      Cross-Defendants.

_____/

**DEFENDANT FIRSTSERVICE RESIDENTIAL FLORIDA, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**
**AND CROSSCLAIM**

Defendant, FIRSTERVICE RESIDENTIAL FLORIDA, INC. ("Firstservice" or

"Defendant"), by and through undersigned counsel, for its Answer and Affirmative Defenses to

Plaintiff's Amended Complaint in the above-captioned matter (hereinafter referred to as

"Complaint") (D.E. 121), hereby admits, denies, and avers as follows:

## General Allegations Applicable to all Counts

1.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, subparagraph a, related to the citizenship of Plaintiff, and therefore denies same.  Defendant admits the allegations contained in subparagraphs b, c, and d of paragraph 1 of the Complaint.  Defendant denies that Universal Protection Service, LLC d/b/a Allied Universal Security Services is a California limited liability company, and is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in subparagraph 1.e.i. of the Complaint and therefore denies same.

2.      Defendant admits the allegations of paragraph 2 of the Complaint for jurisdiction only.

3.      In response to paragraph 3 of the Complaint, Defendant asserts that the allegation contains a description of the pleader's legal theory without any factual allegations to which a response admitting or denying the allegation is required.

4.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and therefore denies same.

5.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and therefore denies same.

6.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint as phrased, and therefore denies same.

7.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and therefore denies same.

8.      Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

2

## **Counts I through VIII**

9-111.    The allegations contained in Counts I through VIII the Complaint, paragraphs 9 through 111, are not directed to Firstservice. Therefore, Firstservice is not required to answer the individual paragraphs included in Counts I through VIII.  To the extent that any allegations within Counts I through VIII could be construed against Firstservice, those allegations are expressly denied.

### **Count IX**
(Negligence – Firstservice Residential)

112.    Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 8 above as if fully set forth herein.

113.    Defendant denies the allegations as stated in paragraph 113 of the Complaint.

114.    Defendant  denies the allegations as stated in paragraph 114 of the Complaint.

115.    Defendant  denies the allegations as stated in paragraph 115 of the Complaint.

116.    Defendant denies the allegations as stated in paragraph 116 of the Complaint.

117.    Defendant admits the allegations contained in paragraph 117 of the Complaint.

118.    Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Complaint, and therefore denies same.

119.    Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the Complaint, and therefore denies same.

120.    Defendant denies the allegations as stated in paragraph 120 of the Complaint.

121.    Defendant denies the allegations as stated in paragraph 121 of the Complaint.

122.    Defendant denies the allegations contained in paragraph 122 of the Complaint and demands strict proof thereof.

123.   Defendant denies the allegations contained in paragraph 123 of the Complaint and demands strict proof thereof.

124.   Defendant denies the allegations as stated in paragraph 124 of the Complaint.

125.   Defendant denies the allegations contained in paragraph 125 of the Complaint and demands strict proof thereof.

126.   Defendant denies the allegations as stated in paragraph 126 of the Complaint.

127.   Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Complaint, and therefore denies same.

128.   Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint, and therefore denies same.

129.   Defendant denies the allegations contained in paragraph 129 of the Complaint and demands strict proof thereof.

130.   Defendant denies the allegations contained in paragraph 130 of the Complaint, including subparagraphs a. through d. thereof.

131.   Defendant denies the allegations contained in paragraph 131 of the Complaint, including subparagraphs a. through p. thereof, and demands strict proof thereof.

132.   Defendant denies the allegations contained in paragraph 132 of the Complaint and demands strict proof thereof.

133.   Defendant denies the allegations contained in paragraph 133 of the Complaint and demands strict proof thereof.

134.   Defendant denies the allegations contained in paragraph 134 of the Complaint and demands strict proof thereof.

135.     Defendant denies the allegations contained in paragraph 135 of the Complaint and demands strict proof thereof.

## Count X

136-154.    The allegations contained in Count X of the Complaint, paragraphs 136 through 154, are not directed to Firstservice. Therefore, Firstservice is not required to answer the individual paragraphs included in Count X.  To the extent that any allegations within Count X could be construed against Firstservice, those allegations are expressly denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Firstservice Residential Florida, Inc. requests that Plaintiff's Complaint be dismissed as to Firstservice Residential Florida, Inc. and that this Court grant such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Firstservice Residential Florida, Inc. (hereinafter "Firstservice" or "Defendant") asserts the following Affirmative Defenses to Plaintiff's Complaint:

1.      The Complaint fails to state a cause of action for negligence under the circumstances of this case.

2.      Any alleged injuries and damages sustained by Plaintiff were a direct and proximate result of the comparative negligence of Plaintiff and was negligent in her conduct, and such comparative negligence was the proximate cause of any alleged injuries and damages. Accordingly, any award for injuries or damages to Plaintiff shall be either barred or proportionately reduced by the comparative negligence of the Plaintiff.  Such negligence includes, but is not limited to, Plaintiff's failure to investigate Mr. Elbadramany's reputation as a host, failure to request references from Mr. Elbadramany and to check same, failure to check for any prior activity

5

involving claims of assault against Mr. Elbadramany, failure to leave the premises following her seeing the security camera and equipment in the subject premises, failure to request that Mr. Elbadramany turn off the security camera, and failure to check in at any area of the Trump Towers property and request an escort with Mr. Elbadramany to the subject property, failure to leave the premises following the alleged initial encounter with Mr. Elbadramany, failure to immediately notify the Sunny Isles Beach Police Department of the incident involving Mr. Elbadramany, and failure to immediately notify the security personnel on site at the subject property of the incident involving Mr. Elbadramany.

3.      Any injuries sustained by Plaintiff were caused solely, proximately and directly by Plaintiff's own negligence and failure to exercise ordinary care for her own safety.

4.      The incident alleged in the Complaint was not foreseeable, or reasonably foreseeable, as no prior assault or other actions by Mr. Elbadramany to parties such as Ms. Svistina had been reported to Defendant, Mr. Elbadramany did not notify Defendant of his intent to invite Ms. Svistina to stay overnight in the cabana, and did not register her as a guest with Defendant or co-Defendant, TDR Towers Master Association, Inc., and accordingly Defendant has no liability based upon the allegations in the Complaint.

5.      Defendant is entitled to a set-off for any and all compensation received by Plaintiff from any source as a result of the incident alleged in the Complaint.  Further, Defendant is entitled to a set-off for any and all sums received by Plaintiff from any other source, whether or not a party to this action, in full or partial payment for any injury received or damages sustained by Plaintiff as a result of the incident alleged in the Complaint.  Such sources may include, but not be limited to, medical provider/insurance carrier agreements for provision of adjustments, writeoffs and/or discounts to medical bills claimed by Plaintiff.

6.     To the extent Defendant is found to be at fault, which fault is specifically denied, it is entitled to an apportionment of damages, if any, in accordance with Section 768.81, Florida Statutes and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).  Further, the Court shall enter judgment against each party on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of the Plaintiff, the Court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.  The subject parties that may be liable include the co-defendants named in this or any prior or subsequent complaint, and this defendant incorporates by reference the allegations made against Defendant Elbadramany in the complaint. Other parties include, but may not be limited to, front desk attendants employed by other condominium associations at Trump Towers who may have witnessed Plaintiff's entry on to the property and who failed to report any unauthorized entry or suspicious activity to TDR Towers Master Association or security personnel employed by co-defendant Universal Protection Service.  Should the Plaintiff settle with or dismiss any named co-defendant(s), then this answering Defendant reserves the right to adopt and incorporate these same allegations against them.

7.     Defendant FIRSTSERVICE did not own, maintain, or exercise control over the subject property at the time and place alleged in Plaintiff's Complaint.  Per the cabana assignment agreement attached hereto as Exhibit 1, the cabana where the incident occurred was under the sole use and control of Defendant Elbadramany at the time of the incident complained of in the Complaint.

8.     At the time and place complained of, the plaintiff so carelessly and negligently conducted herself, thus barring or reducing proportionately all claims for damages against

Defendant. Defendant is entitled to a reduction in any damages assessed herein for an apportionment of Plaintiff's comparative fault.

9. Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

10. The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident thereto. The incident and damages complained of by Plaintiff in this Complaint were due to the ordinary risk expressly assumed by the Plaintiff in reaching out to Defendant Elbadramany, who she did not know, and inviting herself to stay at his home as a couchsurfing guest. Plaintiff did no investigation on her own prior to her arrival at the property as to the condition of the property where she would be staying, what type of accommodations were to be actually offered, and set up her visit on a sharing site, as opposed to staying at a commercial hotel/motel or searching and reserving a place to stay through a recognized vacation rental organization that has vetted its members and provides assurances to users. To Defendant's knowledge, couchsurfing.com is a site that makes no guarantees of the condition of its hosts' premises, security measures in place to protect guests, or that certifies its hosts. Accordingly, any potential dangers to Ms. Svistina's safety should have been open and obvious, and Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks posed to her safety.

11. This Defendant had insufficient notice regarding the problems complained of by Plaintiff in the Complaint. Any and all conditions complained of by Plaintiff existed for such a

short period of time that there was no notice to this Defendant so that corrective action could be taken. Defendant further avails itself all defenses and burdens required of plaintiffs pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.     The injury and incident complained of occurred despite adequate and reasonable security precautions undertaken on behalf of Defendant, which included retention of a security company to patrol the exterior common areas, imposition of rules and regulations that prohibited use of the cabanas as an accommodation of guests of the cabana owners, and use of security cameras at the subject property.

13.     Defendant did not have possession of the premises where Plaintiff's injury is alleged to have occurred, and/or otherwise exclusive possession was had by others not subject to this answering Defendant's control, including Defendant Elbadramany, to whom the exclusive use and possession of the cabana had been assigned. Therefore, the exclusivity of possession defense relieves this answering Defendant of any liability or duty to Plaintiff.

14.     Plaintiff failed to mitigate her damages, if any. Plaintiff failed to seek immediate medical attention at the time of the incident. Additionally, upon information and belief, Plaintiff delayed seeking treatment for her alleged injuries. Plaintiff also did not follow medical advice related to prescribed medications.

15.     Defendant states that, upon information and belief, Plaintiff was under the influence of alcoholic beverage(s) and/or drug(s) at the time of the incident described in the Complaint, and is therefore barred from recovery pursuant to Florida law, including, but not limited to, Florida Statute Section 768.36. Defendant will request leave to supplement or amend this affirmative defense following Plaintiff's production of medical records and responding to discovery related to the use of alcoholic beverages and/or drugs at the time of the incident described in the Complaint.

16.     Upon information and belief, because Plaintiff was not registered as a guest of Defendant Elbadramany, she was not authorized to access common areas maintained by TDR Towers Master Association, or permitted to use areas that had been designated as restricted in use pursuant to the rules and regulations in effect at the property on the date of the incident, such as Mr. Elbadramany's cabana, Plaintiff was a trespasser under Florida law, and accordingly, Defendant owed only duties to Plaintiff as a trespasser and is therefore not responsible to Plaintiff as alleged in the Complaint.

17.     To the extent Defendant is found to be at fault, which fault is specifically denied, Defendant seeks to and does apportion fault against co-Defendant Allied Universal, based on its status as an independent contractor the co-Defendant/assailant for his intentional wrongdoing resulting in the subject incident. Defendant recognizes that the decision of the Florida Supreme Court in *Merrill Crossings Associates v. McDonald*, 705 So. 2d 560 (Fla. 1997), precludes the apportionment of fault between defendants and intentional tortfeasors; however, it is Defendant's position that such law is no longer applicable in light of changes made by the Florida Legislature to Fla. Stat. Section 768.81 in 2011.

18.     The actions of the assailant were not deterrable by reasonable and/or adequate security measures for the subject premises.

19.      Defendant hereby adopts by reference any and all Affirmative Defenses raised by any other Defendant in this cause.

20.     Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

21.     Defendant reserves the right to seek leave to amend its Answer and Affirmative Defenses if appropriate after full investigation and discovery.

## CROSSCLAIM

Firstservice Residential Florida, Inc. ("Firstservice" or Crossclaimant), for its crossclaim against Mark Fadel Elbadramany ("Elbadramany" or Crossdefendant), hereby states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Crossclaimant Firstservice is a Florida corporation with its principal place of business in the State of Florida.

2.      Crossdefendant Elbadramany is a resident of the state of Florida.

3.      Jurisdiction and venue are appropriate in this Court as FIRSTSERVICE's crossclaims against Elbadramany arise out of the same facts and circumstances as the Complaint filed in this matter.

## COUNT 1 – BREACH OF CONTRACT - ELBADRAMANY

4.      Crossclaimant incorporates by this reference the allegations contained in paragraphs 1 through 3 above as if fully set forth herein.

5.      Elbadramany is a the owner of a condominium unit located in Trump Towers II.

6.      Elbadramany possesses the exclusive right to use Cabana 2, located at Trump Towers, and Cabana 2, is an appurtenance to Elbadramany's condominium unit pursuant to an Assignment of Exclusive Right to Use Cabana ("Assignment"), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference.

7.      Elbadramany is an Owner and Member as defined by the Declaration of Condominium for TDR Towers Master Association recorded at Miami-Dade County Clerk of Court Records, Book 26156, Page 2423, a true and correct copy of which is attached hereto as Exhibit 2.

8.      Elbadramany's use of the cabana is governed by TDR Rules and Regulations, a true and correct copy of which is attached as Exhibit 3.

9.      Pursuant to the Assignment, Elbadramany agreed to indemnify and hold TDR, and its directors, officers, members, owners, residents, invitees, agents, and employees harmless from all claims, damages, losses and expenses, including attorney's fees, arising out of resulting from the assignment of the cabana.

10.     Firstservice is TDR's property manager related to the TDR Towers Master Association, Inc. property serves as an independent contractor in the capacity as TDR Towers Master Association, Inc.'s agent related to such services.

11.     Elbadramany received the exclusive right to use Cabana 2, which is where the actions complained of by Plaintiff, which are disputed, occurred, as a result of the assignment of the cabana.

12.     Plaintiff's claims against FIRSTSERVICE in this matter, which are disputed, result from Elbadramany's use of the cabana.

13.     FIRSTSERVICE has complied with all conditions necessary to trigger the indemnification obligation contained in the Assignment..

14.     Elbadramany has not accepted the tender of defense and indemnity and is, therefore, in breach of the Assignment.

15.     Elbadramany agreed to be bound by the Declaration and Rules and Regulations adopted under the Declaration.

16.     The Rules and Regulations require guests of owners to be signed in or registered at a Tower front desk or the Management Office.

17.     The Rules and Regulations prohibit anyone from staying in the cabanas overnight.

18.     Elbadramany did not register Plaintiff as a guest at any of the Towers or with the Management Office.  Upon information and belief, Elbadramany secreted Plaintiff on to the property, evaded security, and took her to Cabana 2 on the date of the incident complained of by Plaintiff herein, and gave her permission, without any notification to FIRSTSERVICE, or Universal Protection Service, or anyone else, to stay in Cabana 2 overnight.

19.     Based on Plaintiff's allegations herein, which are disputed, but if proven, Elbadramany is in breach of the Declaration and Rules and Regulations governing the use of the cabana.

20.     Based on Elbadramany's lack of acceptance of the tender of defense and indemnity under the Assignment, and based on his failure to comply with the Declaration and Rules and Regulations, Elbadramany is in breach of the Assignment.

21.     As a direct and proximate result of said breaches of contract, Crossclaimant has incurred and will continue to incur attorneys' fees and costs and expenses, and Crossclaimant will suffer direct and consequential damages in an amount not yet known, but in excess of this Court's minimum jurisdictional amount and is entitled to recover same from Crossdefendant.

WHEREFORE, Crossclaimant, Firstservice Residential Florida, Inc., demands judgment against the Crossdefendant, Mark Fadel Elbadramany, for any damages that may be adjudged against Firstservice Residential Florida, Inc. as a consequence of Elbadramany's actions alleged herein,  including all court costs and attorney's fees incurred by Firstservice Residential Florida, Inc. in defending Plaintiff's claims and in prosecuting its claims against Elbadramany, together with interest thereon and such other and further relief as this Court deems just and proper.

### COUNT 2 – CONTRACTUAL INDEMNITY - ELBADRAMANY

22.     Crossclaimant incorporates by this reference the allegations contained in

paragraphs 1 through 3 and 5 through 13 above as if fully set forth herein.

23.     In the Amended Complaint, Plaintiff has alleged she has been damaged, at least in part, as a result of Elbadramany's use of the cabana, and by FIRSTSERVICE's actions in providing security related to the cabana, which are disputed.

24.     FIRSTSERVICE has denied any and all claims of liability for the damages alleged by Plaintiff in the Amended Complaint.

25.     Pursuant to the above-referenced Assignment, Elbadramany agreed to indemnify FIRSTSERVICE for any and all damages arising out of the Assignment.

26.     Plaintiff has also alleged that Elbadramany committed various torts against Plaintiff within the Cabana, which are disputed.

27.     Should FIRSTSERVICE be found liable to Plaintiff, against its earnest contentions to the contrary, such liability is derivative, technical and vicarious, and as a direct and proximate result of Elbadramany's alleged actions arising out of his exclusive use and possession of Cabana 2, which he obtained pursuant to the Assignment, and FIRSTSERVICE has suffered direct and consequential damages for which FIRSTSERVICE is entitled to indemnification pursuant to the Assignment.

WHEREFORE, Crossclaimant, Firstservice Residential Florida, Inc., demands judgment against the Crossdefendant, Mark Fadel Elbadramany, for any damages that may be adjudged against Firstservice Residential Florida, Inc. as a consequence of Elbadramany's actions alleged herein,  including all court costs and attorney's fees incurred by Firstservice Residential Florida, Inc. in defending Plaintiff's claims and in prosecuting its claims against Elbadramany, together with interest thereon and such other and further relief as this Court deems just and proper.

**Count 3**

**(Declaratory Relief regarding Duty to Defend and Indemnify – Elbadramany)**

28.     FIRSTSERVICE incorporates herein by this reference and realleges the allegations set forth in paragraphs 1 through 3, 5 through 13, and 22 through 28 as if fully set forth herein.

29.     Pursuant to the above-referenced contract(s) containing express indemnity provisions in favor of FIRSTSERVICE, or, alternatively, the allegations contained in Count 2, ELBADRAMANY agreed to defend and indemnify FIRSTSERVICE for any and all damages arising out of ELBADRAMANY'S receipt of the exclusive right to use Cabana 2 pursuant to the Assignment.

30.     Based upon allegations set forth by the Plaintiff, it is alleged that ELBADRAMANY committed various torts against Plaintiff, and that FIRSTSERVICE was negligent in preventing ELBADRAMANY'S use of Cabana 2, which claims are denied by FIRSTSERVICE.

31.     FIRSTSERVICE has requested that ELBADRAMANY defend and indemnify it for the claims of Plaintiff.  ELBADRAMANY has not complied with FIRSTSERVICE'S request.

32.     As a direct and proximate result of ELBADRAMANY'S alleged breaches, FIRSTSERVICE has incurred, and will continue to incur attorneys' fees, costs, and expense, and will suffer direct and consequential damages in defense of this action.

33.     Based on the foregoing allegations contained herein, there is a bona fide, actual, present, and practical need for the declaration requested herein. The declaration requested herein deals with a present, ascertained, or ascertainable state of facts and a present controversy as to the state of facts:  namely, whether ELBADRAMANY owes a duty to indemnify and defend FIRSTSERVICE as to the claims of the Plaintiff made in this litigation.

34.     As a direct and proximate result of Plaintiff's claims and ELBADRAMANY'S alleged breaches, FIRSTSERVICE has incurred, and will continue to incur attorneys' fees, costs, and expense, and will suffer direct and consequential damages in defense of this action.  Therefore, FIRSTSERVICE'S rights under the contract with ELBADRAMANY are dependent on a declaration as requested herein, and FIRSTSERVICE has an immediate need of a defense in this matter.

35.     FIRSTSERVICE has an actual and present interest in the subject matter of the complaint and this Crossclaim that is adverse and antagonistic to ELBADRAMANY'S interests in this matter, namely, ELBADRAMANY'S duty to indemnify and defend FIRSTSERVICE.

36.     All adverse interests are properly before this Court by virtue of this Crossclaim, which arises out of Plaintiff's Complaint against FIRSTSERVICE, and are ripe for determination by this Court in the form of declaratory relief.

37.     FIRSTSERVICE'S  request for declaratory relief set forth herein is not sought for the purpose of legal advice of this Court or for an answer to a question propounded from curiosity, but for the purpose of a declaration from this Court that ELBADRAMANY owes a duty to defend FIRSTSERVICE in this matter, and that said duty is immediate.   Additionally, FIRSTSERVICE seeks a declaration that ELBADRAMANY owes a duty to indemnify FIRSTSERVICE consistent with the Assignment, which duty includes indemnification for all amounts FIRSTSERVICE is obligated to pay, if any, by settlement, compromise, judgment or award to Plaintiff and indemnification for amounts paid in the defense of this matter, including attorneys' fees, costs, and expenses incurred herein.

**WHEREFORE**, Crossclaimant Firstservice Residential Florida, Inc. requests that this Court enter judgment in its favor and against ELBADRAMANY as follows:

16

1. For direct and consequential damages in an amount to be proven at trial;

2. For pre-judgment and post-judgment interest thereon at the statutory rate;

3. For the Court to declare that FIRSTSERVICE has a right of defense and indemnification for all amounts FIRSTSERVICE is obligated to pay, if any, by settlement, compromise, judgment or award to the Plaintiff;

4. For its costs, expenses, and reasonable attorneys' fees incurred; and

5. For such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Firstservice Residential Florida, Inc. demands a jury trial on all issues so triable as a matter of right.

17

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of October, 2022 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the ECF Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Firstservice Residential Florida, Inc.
301 Yamato Road
Suite 4150
Boca Raton, FL 33431
Telephone:  (561) 893-9088
Facsimile:  (561) 893-9048

By:   */s/: Valerie R. Edwards*
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    VALERIE R EDWARDS
    Florida Bar No.:  104355
    LUKSBOCA-Pleadings@LS-Law.com