## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-20525-BLOOM/Otazo-Reyes

ELENA SVISTINA,

      Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

      Defendants.

_____/

## ORDER ON SECOND OBJECTION TO DISCOVERY ORDER

**THIS CAUSE** is before the Court upon Plaintiff Elena Svistina's Objection to Magistrate's Order Regarding Discovery Hearing, ECF No. [118] ("Objection"), filed on September 14, 2022. The Court has carefully reviewed the Objection, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objection is overruled.

### I.    BACKGROUND

In her Amended Complaint,[1] Svistina alleges that Defendant Mark Elbadramany "lured" her to the Trump Towers Condominium in Sunny Isles, Florida. ECF No. [121] at ¶¶ 4-5. Elbadramany owned a condominium there and had access to a separate cabana on the property. *Id*. ¶ 4.

Upon Svistina's arrival, Elbadramany escorted her to the cabana. *Id.* ¶ 10. At the cabana, Svistina alleges that Elbadramany sexually assaulted her (Count I), breached his duty of care to her (Count II), misrepresented his purpose in inviting her (Count III), and falsely imprisoned her

---

[1] At the time the Magistrate Judge rendered the decision to which Svistina objects, the original Complaint was the operative pleading. *See* ECF No. [1]. The Amended Complaint contains no new allegations that would affect the Magistrate Judge's decision.

(Count IV). *Id.* at 4-12. She further alleges that Elbadramany videorecorded her without her knowledge or consent (Count V), and unlawfully recorded her communications (Count VI). *Id.* at 13-16. Svistina also sues the Trump Towers' condominium association, TDR Towers Master Association, Inc. ("TDR"), the Trump Towers' property management company, Firstservice Residential Florida, Inc., and the Trump Towers' security provider, Allied University Security Services, under theories of negligence (Counts VII-X). *Id.* at 15-31.

At issue in the present Objection is whether Svistina can depose nonparty Nadine Fahim, who visited the condominium on the night in question. ECF Nos. [105-1] at 1, [105-2] at 2. Ms. Fahim did not visit the cabana. ECF No. [105-2] at 2. Elbadramany opposed Svistina's request to depose Ms. Fahim. ECF No. [105] at 1. Svistina requested a discovery hearing before Magistrate Judge Alicia Otazo-Reyes to resolve the discovery dispute related to Ms. Fahim, to alter the management of discovery in this case, and to resolve other discovery disputes not relevant to the instant Objection. *Id.*

The discovery hearing was held on August 31, 2022.[2] ECF No. [118]. At that hearing, Svistina's counsel represented that Ms. Fahim checked into the condominium while the alleged incident between Elbadramany and Svistina was occurring. Svistina's counsel stated that it is unknown where Elbadramany went after the alleged incident occurred, but to the extent he returned to the condominium and spoke with Ms. Fahim, the conversation between Elbadramany and Ms. Fahim could have a bearing on the issues in this case. Elbadramany's counsel argued that Ms. Fahim's testimony was beyond the scope of discovery under Federal Rule of Civil Procedure 26(b)(1) because her testimony is not relevant or proportional to the needs of this case.

---

[2] The Court has reviewed a transcript of that hearing.

The Magistrate Judge issued her rulings orally at the hearing and subsequently memorialized them in a written order. *See* ECF No. [110]. She denied Svistina's request to depose Ms. Fahim without prejudice to Svistina renewing her request after deposing Elbadramany. *Id*. The Magistrate Judge also denied Svistina's request for a case management protocol, again without prejudice. *Id*. at 2.

Svistina objects to the Magistrate Judge's rulings. ECF No. [118]. She asserts that Ms. Fahim's testimony "is of the utmost importance to the claims and defenses in this matter[.]" *Id*. at 4. She further complains of the slow pace of discovery in this case and requests "a firm schedule, or in the alternative a case management protocol[.]" *Id.* at 9-10.

## II.    LEGAL STANDARD

As in her previous Objection, Svistina reasserts the incorrect legal standard this Court should apply when reviewing the Magistrate Judge's discovery order. *See* ECF No. [118] at 5-6 (arguing for *de novo* review). For the reasons this Court explained in its prior Order, ECF No. [134], the court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1).

The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there

was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

## III.   DISCUSSION

### A.  Deposition of Ms. Fahim

The issue is whether Ms. Fahim's testimony is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "While the threshold for showing relevance is relatively low, the proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." *Cardenas v. Toyota Motor Corp.*, No. 18-cv-22798, 2020 WL 5291936, at *1 (S.D. Fla. Sept. 3, 2020) (alteration in the original; quotation marks omitted). Information is relevant if it tends to make a fact of consequence "more or less probable." Fed. R. Evid. 401. In the discovery context, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Svistina asserts that Ms. Fahim's testimony is relevant to five issues in this case. First, she asserts that Ms. Fahim's testimony is relevant to whether "Elbadramany's potentially predatory conduct was foreseeable to TDR during the eleven (11) year period he illegally rented his cabana under the authority grant of TDR." ECF No. [118] at 7. Svistina has not explained how Ms. Fahim's testimony "reasonably could lead" to evidence touching on TDR's knowledge of Elbadramany's alleged misconduct. *Oppenheimer Fund*, 437 U.S. at 351. In denying Svistina's request without prejudice to renewing it after deposing Elbadramany, the Magistrate Judge has

given Svistina a fair opportunity to depose Ms. Fahim if, upon deposing Elbadramany, she can produce a predicate as to why Ms. Fahim could be expected to have knowledge about Elbadramany's allegedly predatory conduct generally or his interaction with Svistina specifically.

Second, Svistina argues that Ms. Fahim's deposition is relevant to "TDR's grant of access to [Svistina] in the common areas of the Trump Towers Condominium." ECF No. [118] at 7. The Court fails to see the import of this statement. It appears uncontroverted that Svistina was Elbadramany's guest, so she had access to his condominium and cabana. As such, there is no reason to believe that Ms. Fahim has relevant information regarding the access Elbadramany gave to Svistina, or why such access is relevant.

Third, Svistina argues that Ms. Fahim's deposition is relevant to Svistina's "denial of allegedly consenting to Elbadramany's predatory behavior and surreptitiously recording from a hidden camera while undressing in the illegal cabana." ECF No. [118] at 7. However, Ms. Fahim was not present in the cabana when Elbadramany's allegedly "predatory behavior" occurred. Of course, if Elbadramany met with Ms. Fahim in the condominium immediately after the alleged assault and had discussed Svistina with Ms. Fahim, such testimony would be relevant. But as Svistina's counsel admitted at the discovery hearing, there is currently no indication that Elbadramany even met Ms. Fahim on the night in question. Given the speculative nature of Ms. Fahim's relevance to this case, it was not unreasonable for the Magistrate Judge to require Svistina to depose Elbadramany first, and to establish that Ms. Fahim's testimony is relevant and proportional to the needs of this case.

Fourth, Svistina argues that Ms. Fahim's deposition is relevant to "TDR's claims that Plaintiff failed to mitigate her damages." ECF No. [118]. This argument is without merit. A review of TDR's Answer reveals that TDR's mitigation argument is that Svistina "delayed seeking

treatment for her alleged injuries." ECF No. [136] at 10. There is no reason to believe that Ms. Fahim, who has never met Svistina, would know whether Svistina sought treatment after the alleged assault.

Fifth and last, Svistina asserts that the deposition is relevant to "TDR's lack of adequate precautions and security measures for its guests and invitees[.]" ECF No. [118] at 7. Svistina is deposing TDR, Elbadramany, and other Defendants regarding the precautions and security measures at the Trump Towers Condominium. To the extent those depositions are insufficient and there is a reason to suppose Ms. Fahim's testimony will help flesh out the security measures at the Trump Towers, the Magistrate Judge has granted Svistina leave to renew her request.

Overall, the Magistrate Judge was in the best position to determine whether Ms. Fahim's testimony is relevant and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Svistina has not shown that the Magistrate Judge abused her discretion in denying Svistina's request without prejudice to renewal after deposing Elbadramany. Svistina has failed to establish that the Magistrate Judge's ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1).

### B.  Case Management Protocol

Svistina additionally objects to the Magistrate Judge's denial of her request for a firm schedule or case management protocol. She asserts that discovery has proceeded in this case at an "extremely slow" pace. ECF No. [118] at 9. She complains that "not a single deposition has taken place[.]" *Id*. at 9.

The Court is concerned that no depositions had occurred as of September 14, 2022, but Svistina's Motion fails to convince the Court that the Magistrate Judge's management is the source of the problem. The pace of discovery is certainly not increased by Svistina's filing of objections

that rely upon an incorrect standard of review. Svistina has failed to show that the Magistrate Judge's management of discovery in this case has been "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Svistina's Objection, **ECF No. [118]**, is **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record