UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

ELENA SVISTINA,

    Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

    Defendants.

_____/

## ORDER ON MOTIONS TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Elena Svistina's ("Svistina") Amended Motion to Strike Defendant TDR Towers Master Association, Inc.'s ("TDR") Affirmative Defenses, ECF No. [153] ("TDR Motion"), Svistina's Amended Motion to Strike Defendant Mark Fadel Elbadramany's ("Elbadramany") Affirmative Defenses, ECF No. [155] ("Elbadramany Motion"), Svistina's Motion to Strike Defendant FirstService Residential Florida, Inc's ("FirstService") Affirmative Defenses, ECF No. [174] ("FirstService Motion"), and Svistina's Motion to Strike Defendant Universal Protection Service, LLC, d/b/a Allied Universal Security Services' ("Allied Universal") Affirmative Defenses, ECF No. [180] ("Allied Universal Motion"). The Motions are fully briefed.[1] The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Elbadramany Motion is granted in part and denied in part; the TDR Motion is granted in part

---

[1] *See* ECF Nos. [170] (Elbadramany's Response to the Elbadramany Motion), [175] (Svistina's Reply); ECF Nos. [171] (TDR's Response), [182] (Svistina's Reply); ECF Nos. [191] (FirstService's Response), [194] (Svistina's Reply); ECF Nos. [193] (Allied Universal's Response), [196] (Svistina's Reply).

and denied in part, the FirstService Motion is denied, and the Allied Universal Motion is denied.

## I.  BACKGROUND

This case arises from events that occurred in a cabana at the Trump Towers Condominium in Sunny Isles, Florida, on September 21, 2022. *See* Amended Complaint, ECF No. [121]. Svistina alleges that Elbadramany sexually assaulted her (Count I), breached his duty of care to her (Count II), negligently misrepresented his purpose in inviting her to the cabana (Count III), and falsely imprisoned her (Count IV). *Id.* at 4-12. She further alleges that Elbadramany videorecorded her without her knowledge or consent (Count V), and unlawfully recorded her communications (Count VI). *Id.* at 13-16.

Svistina additionally sues TDR, the Trump Towers condominium association, under theories of "Negligence Innkeeper's duty" (Count VII) and "Negligence vicarious liability" (Count VIII). *Id.* at 16-24. She sues FirstService, the condominium's management company, under a theory of "Negligence" (Count IX). *Id.* at 24-29. Lastly, she sues Allied Universal, the condominium's security services provider, under a theory of "Negligent Security" (Count X). *Id.* at 30-34.

Each of the four Defendants filed an Answer and Affirmative Defenses. *See* ECF Nos. [135] (Elbadramany), [136] (TDR), [138] (FirstService), and [140] (Allied Universal). Svistina responded with the instant Motions to Strike. ECF Nos. [153], [155], [174], [180].

## II.  LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich,*

*Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-60537-CIV-JORDAN, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion

to strike, particularly when there is no showing of prejudice to the movant.").

### III. DISCUSSION

The Court will address each of Svistina's four Motions separately. The Court begins with the lengthiest of the four, Svistina's Motion to Strike Elbadramany's Affirmative Defenses.

#### A. Elbadramany's Affirmative Defenses

Elbadramany asserts twenty affirmative defenses. *See generally* ECF No. [135]. Svistina moves to strike fourteen of them. *See generally* ECF No. [155]. The Court categorizes Svistina's arguments into three groups: (i) Affirmative Defenses that Are Denials, (ii) Affirmative Defenses with Insufficient Factual Support, and (iii) Affirmative Defenses that Are Invalid as a Matter of Law.

##### i. Affirmative Defenses that Are Denials: 1, 4, 6, 9, 16

Svistina argues that Elbadramany's First, Fourth, Sixth, Ninth, and Sixteenth Affirmative Defense should be stricken because they are essentially failure-to-state-a-claim arguments and denials of Svistina's claims. "[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case." *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). The Court agrees with Svistina with respect to Affirmative Defenses 1 ("Failure to State a Cause of Action"), 4 ("No Legal Duty Owed to Plaintiff"), and 6 ("No Causation or Proximate Causation to Injuries"). These are not proper affirmative defenses, but rather denials of necessary elements of Svistina's claims. *See in re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Although Elbadramany is correct that some courts treat such defenses as denials rather than striking them, *See* ECF No. [170] at 6-7 (citing cases), the Court finds that, given the numerosity of Affirmative

4

Defenses in this case, it is in the interest of judicial efficiency to strike these invalid Affirmative Defenses. *See, e.g.*, *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3.

By contrast, Affirmative Defense 9 ("Intervening/Superseding Cause") is a valid affirmative defense. *See Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020). Therein, Elbadramany asserts that events which occurred after those alleged in this case led to Svistina's damages. ECF No. [135] at 16. Specifically, Elbadramany references a suit that Svistina commenced in California related to unsafe conditions at an apartment Svistina rented after she left Elbadramany's cabana. *Id*. This Affirmative Defense contains sufficient factual support to provide notice to Svistina and is not invalid as a matter of law.

As for Affirmative Defense 16 ("Lack of Subject Matter Jurisdiction"), the defense of lack of subject matter jurisdiction "may be raised at any time, and, consequently, it is not an affirmative defense." *Goldstein v. Firer*, No. 20-cv-23402, 2022 WL 2479237, at *5 (S.D. Fla. June 17, 2022). This Affirmative Defense will be stricken.

Accordingly, Elbadramany's First, Fourth, Sixth, and Sixteenth Affirmative Defenses are stricken. Elbadramany's Ninth Affirmative Defense survives.

### ii. Affirmative Defenses with Insufficient Factual Support: 2, 3, 10, 14, 17, 18

Svistina moves to strike Affirmative Defenses 2 ("Consent"), 3 ("Any Alleged Resulting Injury Was Foreseeable"), 10 ("No Violation of Florida Chapter 934" due to consent), 14 ("Mitigation"), 17 ("Estoppel"), and 18 ("Unclean Hands") because each is pleaded as a bare-bones legal conclusion or without sufficient facts to put Svistina on notice as to the nature of the affirmative defense. See ECF No. [155]. The Court disagrees. For these Affirmative Defenses, Elbadramany has alleged sufficient facts to put Svistina on notice as to the nature of each defense and has "put[ ] into issue relevant and substantial legal and factual questions[.]" *Reyher*, 881 F.

Supp. at 576. The existence or "lack of factual support" for these defenses is better addressed at the summary judgment stage, after Elbadramany has had a full opportunity to conduct discovery. *See Birren*, 336 F.R.D. at 697 (quotation marks omitted). Accordingly, the Court will not strike Affirmative Defenses 2, 3, 10, 14, 17, and 18.

### iii.   Affirmative Defenses that Are Invalid as a Matter of Law: Affirmative Defenses 5, 8, 15

Lastly, Svistina argues that three of Elbadramany's Affirmative Defenses are invalid as a matter of law. The Court will address these Affirmative Defenses individually.

Elbadramany's Fifth Affirmative Defense states in full: "The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident thereto." ECF No. [135] at 14. Svistina argues that the theory of express assumption of risk is inapplicable to this scenario. ECF No. [155] at 5 (citing *Mazzeo v. City of Sebastian*, 550 So. 2d 1113, 1116 (Fla. 1989) (declining to apply the doctrine of "express assumption of risk" to "aberrant conduct in noncontact sports")). Elbadramany responds that the case cited by Svistina, *Mazzeo*, is inapplicable because massages, which necessarily involve contact, are unlike noncontact sports. ECF No. [170] at 12. The Court concludes that the viability of the Fifth Affirmative Defense is a mixed question of law and fact that is not appropriately resolved at this juncture. *See Reyher*, 881 F. Supp. at 576.

As to Elbadramany's Eighth Affirmative Defense ("Apportionment"), Svistina argues that Elbadramany has failed to plead the fault of non-parties as required by Florida law. ECF No. [155] at 7. In Response, Elbadramany argues that Svistina has misread this Affirmative Defense, which is directed against Elbadramany's co-Defendants, not non-parties. ECF No. [170] at 13-14. Upon review of Elbadramany's Eighth Affirmative Defense, ECF No. [135], the Court agrees that this defense is directed against Elbadramany's co-Defendants, and Svistina has not stated a valid basis for striking this Affirmative Defense.

Lastly, as to Elbadramany's Fifteenth Affirmative Defense ("Comparative/Contributory Negligence"), Svistina asserts that this Affirmative Defense cannot apply to intentional torts. ECF No. [155] at 9. But Svistina concedes that it can be a valid affirmative defense with respect to claims of negligence, which Svistina has alleged against all Defendants in this case. *Id.* at 10. Thus, even if Svistina is correct regarding claims of intentional torts in isolation, she has not provided a valid basis to strike this Affirmative Defense.

In conclusion, Svistina's Motion to Strike Elbadramany's Affirmative Defenses is granted as to Elbadramany's First, Fourth, Sixth, and Sixteenth Affirmative Defenses, but denied as to all others.

### B. TDR's Affirmative Defenses

Svistina moves to strike six of TDR's affirmative defenses: 1 ("Failure to State a Claim"), 6 ("Apportionment"), 10 ("Assumption of Risk"), 11 ("Insufficient Notice"), 14 ("Mitigation"), and 16 ("Trespasser"). *See generally* ECF No. [153].

As discussed above with respect to Elbadramany's First Affirmative Defense, failure to state a claim is not an affirmative defense. Accordingly, TDR's First Affirmative Defense is stricken.

Regarding TDR's Sixth Affirmative Defense ("Apportionment"), Svistina repeats the arguments she raised against Elbadramany's Apportionment Affirmative Defense, *i.e.*, that a defendant asserting apportionment must identify the non-party. ECF No. [153] at 5. But TDR's Sixth Affirmative Defense is primarily directed against TDR's co-Defendants and specifically identifies several other non-parties who may also be liable. ECF No. [136] at 7-8. Thus, Svistina has not provided a valid basis for striking this Affirmative Defense.

As to TDR's Tenth Affirmative Defense ("Assumption of the Risk"), ECF No. [136] at 8-

7

9, Svistina argues that TDR is attempting to apply the assumption of risk defense in a context not recognized by Florida law. ECF No. [153] at 8. As noted above with respect to Elbadramany's Assumption of the Risk Affirmative Defense, this appears to be a mixed issue of fact and law that is not appropriately resolved at this juncture. *See Reyher*, 881 F. Supp. at 576.

As to TDR's Eleventh Affirmative Defense ("Insufficient Notice"), ECF No. [136] at 9, Svistina argues that TDR's citation to Fla. Stat. 768.0755 is inapplicable to this action, because that statute is limited to the situation when "a person slips and falls on a transitory foreign substance in a business establishment[.]" Svistina appears to be correct that Fla. Stat. 768.0755 bears no relation to this action. However, apart from attacking the applicability of that statute, Svistina does not argue that lack of notice is an invalid affirmative defense or that TDR has failed to provide facts in support of this defense. ECF No. [153] at 8-9. Svistina's TDR Motion is denied with respect to TDR's Eleventh Affirmative Defense.

As to TDR's Fourteenth Affirmative Defense ("Mitigation"), Svistina argues that TDR has failed to explain how Svistina failed to mitigate damages stemming from the events at the cabana. ECF No. [153] at 9. However, TDR's defense specifically alleges that Svistina failed to seek immediate medical attention after the incident, failed to treat her alleged injuries, and did not follow medical advice. ECF No. [136] at 10. Those allegations suffice to put Svistina on notice of the nature of the Mitigation Affirmative Defense.

Lastly, Svistina moves to strike TDR's Sixteenth Affirmative Defense ("Trespasser"), on the basis that it is nothing more than "bare-bones conclusory allegations." ECF No. [153] at 10. However, TDR has provided specific allegations regarding Svistina's status as a trespasser because she was not permitted to be in Elbadramany's cabana. ECF No. [136] at 10. These allegations are sufficient to constitute a valid Affirmative Defense.

Accordingly, Svistina's Motion to Strike TDR's Affirmative Defenses is granted as to Affirmative Defense 1 and denied as to Affirmative Defenses 6, 10, 11, 14, 16.

### C. FirstService's Affirmative Defenses

Svistina moves to strike four of FirstService's Affirmative Defenses: 6 ("Apportionment"), 11 ("Insufficient Notice"), 16 ("Trespasser"), and 17 ("Apportionment of Damages"). *See generally* ECF No. [174]. Three of those Affirmative Defenses – 6, 11, and 16 – are substantively identical to the Sixth, Eleventh, and Sixteenth Affirmative defenses raised by TDR. *Id.*; *see also* ECF No. [135]. Svistina moves to dismiss these Affirmative Defenses for the same reasons she moved to dismiss TDR's. *See generally* ECF Nos. [135], [174]. For the reasons discussed above regarding TDR's Affirmative Defenses, the Court likewise denies Svistina's Motion to Strike FirstService's Affirmative Defenses 6, 11, and 16.

Svistina additionally moves to dismiss FirstService's Seventeenth Affirmative Defense, wherein FirstService asserts that, to the extent FirstService is at fault, its fault should be apportioned against co-Defendant Allied Universal "based on its status as an independent contractor [and against] the co-Defendant/assailant for his intentional wrongdoing resulting in the subject incident." ECF No. [138] at 10.[2] Svistina argues that this Affirmative Defense is similar to FirstService's Sixth Affirmative Defense ("Apportionment") and must be stricken because damages cannot be apportioned "on the basis of vicarious liability" and cannot be apportioned between FirstService and a defendant accused of an intentional tort. *See* ECF No. [174] at 6-7 (citing Fla. Stat. 768.81(4)). The Court finds that FirstService's Seventeenth Affirmative Defense, which seeks apportionment as to Allied Universal and Elbadramany, is fully subsumed within

---

[2] *See* FirstService's Response, ECF No. [191] at 11 n.5 (explaining that omission of the words "and against" was a scrivener's error).

FirstService's Sixth Affirmative Defense, which seeks apportionment as to all co-Defendants in this case. ECF No. [138] at 7, 10. Accordingly, FirstService's Seventeenth Affirmative Defense is stricken as duplicative. *See Melaih v. MSC Cruises, S.A.*, No. 20-cv-61341, 2021 WL 3731272, at *5 (S.D. Fla. July 27, 2021), *report and recommendation adopted by* 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021).

Accordingly, Svistina's Motion to Strike FirstService's Affirmative Defenses is granted as to Affirmative Defense 17 and denied as to Affirmative Defenses 6, 11, and 16.

### D. Allied Universal's Affirmative Defenses

Svistina moves to strike two of Allied Universal's Affirmative Defenses: 4 ("Apportionment") and 5 ("Assumption of the Risk"). *See generally* ECF No. [180]. These Affirmative Defenses are substantively identical to TDR's Eighth and Tenth Affirmative defenses. *See* ECF No. [136]. Svistina moves to strike Allied Universal's Affirmative Defenses for the same reasons she moves to strike TDR's. For the reasons discussed above, Svistina has not provided a valid basis to strike those Affirmative Defenses, so Svistina's Motion to Strike Allied Universal's Affirmative Defenses is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Svistina's Amended Motion to Strike Elbadramany's Affirmative Defenses, **ECF No. [155]**, is **GRANTED** as to **Elbadramany's First, Fourth, Sixth,** and **Sixteenth Affirmative Defenses** but **DENIED** as to all others.

2. Svistina's Motion to Strike TDR's Affirmative Defenses, **ECF No. [153]**, is **GRANTED** as to **TDR's First Affirmative Defense** but **DENIED** as to all others.

3. Svistina's Motion to Strike FirstService's Affirmative Defenses, **ECF No. [174]**, is

>
> **GRANTED** as to **FirstService's Seventeenth Affirmative Defense** but **DENIED** as to all others.
>
> 4. Svistina's Motion to Strike Allied Universal's Affirmative Defenses, **ECF No. [180]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 10, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record