UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

ELENA SVISTINA,

    Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR CLARIFICATION

**THIS CAUSE** is before the Court upon Defendant Mark Elbadramany's Motion for Clarification, ECF No. [214] ("Motion"), filed on January 13, 2023. Therein, Elbadramany seeks clarification on the effect of a statement within the Court's Order on Motion to Dismiss Counterclaims, ECF No. [202] ("Order"). In that Order, the Court stated:

> The Court agrees with Svistina that her immigration status and Russian citizenship have no apparent relation to this case, and the Counterclaims' repeated references to those facts could only cause undue prejudice.

ECF No. [202] at 15. Accordingly, the Court ordered Elbadramany to omit references to the parties' citizenship outside of the "Parties" section of Elbadramany's Counterclaims. *Id.* at 16.

According to the Motion, the Court's statement regarding Svistina's citizenship and immigration status has caused confusion among the parties. Elbadramany asserts that Svistina is attempting to use the Court's statement to "bar all discovery touching upon Ms. Svistina's immigration status." ECF No. [214] at 2.

Due to this apparent confusion, the Court finds that clarification is necessary to

explain the scope of the Court's ruling. The Court's Order was not intended to preclude discovery on the issues of Svistina's citizenship and immigration status. In the Order, the Court was not making an evidentiary ruling, not was the Court overruling the Magistrate Judge's discovery order regarding Svistina's immigration status. *See* ECF No. [201] at 2. The Court was solely addressing Svistina's request to strike references to her citizenship and immigration status *within Elbadramany's Counterclaims*. In finding that Svistina's immigration status had no apparent relation to those Counterclaims, the Court did not decide that such information was undiscoverable. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that relevancy in the discovery context is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). In sum, the Court's statement within the Order is not a valid basis for Svistina to object to discovery requests regarding her immigration status.

Accordingly, Elbadramany's Motion for Clarification, **ECF No. [214]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record