UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

ELENA SVISTINA,

    Plaintiff,

v.

MARK FADEL ELBADRAMANY, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Counter-Plaintiff Mark Elbadramany's ("Elbadramany") Motion to Strike Counter-Defendant Elena Svistina's ("Svistina") Affirmative Defense[s], ECF No. [242] ("Motion"), filed on February 28, 2023. Svistina filed a Response, ECF No. [243], to which Elbadramany filed a Reply, ECF No. [245]. Svistina thereafter filed a Notice of Supplemental Authority, ECF No. [253]. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

This case arises from events that occurred in a cabana at the Trump Towers Condominium in Sunny Isles, Florida, on September 21, 2022. *See* Amended Complaint, ECF No. [121]. Svistina alleges that Elbadramany sexually assaulted her (Count I), breached his duty of care to her (Count II), negligently misrepresented his purpose in inviting her to the cabana (Count III), and falsely imprisoned her (Count IV). *Id.* at 4-12. She further alleges that Elbadramany videorecorded her

Case No. 22-cv-20525-BLOOM/Otazo-Reyes

without her knowledge or consent (Count V), and unlawfully recorded her communications (Count VI). *Id.* at 13-16.

On January 17, 2023, Elbadramany filed his Amended Counterclaims. ECF No. [215]. Therein, he brings one count of malicious prosecution and one count of abuse of process against Svistina. *Id.* at 11-23. Both counts stem from allegations that Svistina made false statements to police officers, which led to Elbadramany's arrest and prosecution for battery. ECF No. [215] at 10. The State dropped the criminal charge against Elbadramany after his lawyers "presented incontrovertible evidence of the truth to the State." *Id*. ¶¶ 92-93.

On February 8, 2023, Svistina filed her Answer and Affirmative Defenses. ECF No. [227]. Therein, she raises 25 affirmative defenses. *Id*. On February 28, 2023, Elbadramany filed the instant Motion to Strike. ECF No. [242]. He moves to strike all but one of Svistina's affirmative defenses. *Id.*

## II. LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-60537-CIV-JORDAN, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.").

### III. DISCUSSION

The Court addresses each of Elbadramany's arguments in turn.

#### A. Defense No. 1

In Defense No. 1, Svistina argues that Elbadramany's "counterclaims are barred pursuant to Florida Statutes 776.085 as any injuries or damages he is claiming occurred during the

3

commission or attempted commission of a forcible felony[.]" ECF No. [227] at 3. This Defense is inapplicable to the facts of Elbadramany's counterclaims, which seek damages caused by Svistina's initiation of criminal charges against him. Even assuming Svistina is factually correct that Elbadramany assaulted her, and further assuming she is legally correct that Elbadramany's legal fees can be considered "injury to property" within the meaning of Florida Statute § 776.085(1), Svistina has not alleged, and unable to show, that Elbadramany's alleged injury was sustained "*during* the commission" of the assault, as that statute requires. *Id.* (emphasis added). Rather, Elbadramany's "injury" of defending himself in the criminal case occurred *after* the alleged assault occurred.

Defense No. 1 is stricken

### B. Defense No. 2

In Defense No. 2, Svistina argues that Elbadramany's counterclaims are barred due to "spoliation/destruction of evidence[.]" ECF No. [227] at 3. The parties' citations reveal conflicting authority as to whether spoliation is properly considered an affirmative defense. *Compare Barnext Offshore, Ltd. v. Ferretti Gr. USA, Inc.*, No. 10-cv-23869-ALTONAGA, 2012 WL 13012762, at *5 (S.D. Fla. Mar. 6, 2012) (recognizing spoliation as an affirmative defense), *with Sparta Ins. Co. v. Colareta*, No. 13-cv-60579-ROSENBAUM, 2013 WL 5588140, at *6 (S.D. Fla. Oct. 10, 2013) ("[A]n allegation of spoliation is not an affirmative defense."). In light of this conflicting authority, Defense No. 2 "puts into issue relevant and substantial legal and factual questions," so it will not be dismissed at this stage. *Reyher*, 881 F. Supp. at 576 (M.D. Fla. 1995).

### C. Defense No. 3

In Defense No. 3, Svistina asserts that Elbadramany's claims are barred by Florida Statute § 768.36, which prohibits a plaintiff's recovery if, "at the time the plaintiff was injured," his

faculties were impaired by drugs or alcohol and he was "more than 50 percent at fault for his or her own harm." Fla. Stat. § 768.36(2). Like Svistina's Defense No. 1, this Defense is inapplicable to the facts alleged regarding Elbadramany's counterclaims, which seek to recover the costs Elbadramany incurred in defending against criminal charges.

Defense No. 3 is stricken.

### D. Defense No. 4

In Defense No. 4, Svistina asserts that Elbadramany's counterclaims are barred to the extent he intends to invoke his Fifth Amendment privilege against incrimination and refuse to testify[.]" ECF No. [227] at 4. Elbadramany correctly argues that invocation of his Fifth Amendment right to remain silent is an evidentiary issue, not an affirmative defense to Elbadramany's counterclaims. ECF No. [242] at 11.

Defense No. 4 is stricken.

### E. Defense Nos. 5-7

In Defense Nos. 5, 6, and 7, Svistina asserts that Elbadramany's counterclaims for attorneys' fees and legal expenses are barred (a) because he failed to allege facts concerning the existence of the nature of his retainer agreement with his attorneys (Defense No. 5); (b) because he failed to plead a contractual or factual basis for his claim for attorneys' fee (Defense No. 6); and (c) to the extent that his fees were paid from other sources (Defense No. 7). The Court finds that Defense Nos. 5 and 6 are essentially arguments regarding a "a defect or lack of evidence" in Elbadramany's claim for damages and, accordingly, are not valid affirmative defenses. *See Adams*, 294 F.R.D. at 671. Defense No. 7, by contrast, is a valid affirmative defense, as it may limit Elbadramany's recovery despite Elbadramany otherwise meeting his burden. *See Adams*, 294 F.R.D. at 671.

5

Defense Nos. 5 and 6 are stricken. Defense No. 7 is sufficient.

### F. Defense No. 8

Defense No. 8 asserts "comparative negligence." ECF No. [227] at 4. Svistina agrees to withdraw this affirmative defense. ECF No. [243] at 10.

Defense No. 8 is stricken.

### G. Defense No. 9

Defense No. 9 asserts that Elbadramany's counterclaims "are subject to be setoff in the amount of any award to the Plaintiff for her claims." ECF No. [227] at 4. Elbadramany argues that, in Florida, setoff is designed to prevent awards for double damages, and it presupposes the existence of two or more defendants. ECF No. [242] at 13 (citing *Am. Prime Title Servs., LLC v. Zhi Wang*, 317 So. 3d 1183, 1186 (Fla. 3d DCA 2021). Here, Svistina is the only Defendant to Elbadramany's counterclaims. Her Response fails to meaningfully respond to Elbadramany's argument that setoff is inapplicable in these circumstances. *See* ECF No. [243] at 9 (citing to Fla. Stat. § 768.041, which has no apparent relevance to this case).

Defense No. 9 is stricken.

### H. Defense No. 10

Defense No. 10 asserts that "Elbadramany's counterclaims are barred to the extent his damages are the result of preexisting conditions including physical, psychological or emotional disturbances, diseases and conditions which would have caused the alleged damages he is claiming." ECF No. [227] at 4. Elbadramany correctly points out that this defense has nothing to do with Elbadramany's counterclaims, which seek to recover legal fees and costs that Elbadramany incurred while defending himself in the criminal case Svistina instigated against him.

Defense No. 10 is stricken.

### I. Defense Nos. 11-12

Defense Nos. 11 and 12 assert that Elbadramany's counterclaims are barred because Elbadramany "failed to prevail in any action including the criminal action against him" (Defense No. 11), and there "was probable cause to arrest" him (Defense No. 12). Elbadramany correctly argues that these are not affirmative defenses, but rather negations of elements of Elbadramany's claim for malicious prosecution. *See Phelan v. City of Coral Gables*, 415 So. 2d 1292, 1294 (Fla. 3d DCA 1982) (setting forth the elements of malicious prosecution).

Defense Nos. 11 and 12 are stricken.

### J. Defense No. 13

Defense No. 13 asserts that "Elbadramany's counterclaims are barred as they arise out of actions and events concerning the instant lawsuit." ECF No. [227] at 5. Elbadramany correctly points out that the Court squarely considered and rejected this argument in its Order on Svistina's Motion to Dismiss Counterclaims, ECF No. [202] at 5-7.

Defense No. 13 is stricken.

### K. Defense Nos. 14 and 15

Svistina asserts that Elbadramany's counterclaims are barred because Elbadramany "has failed to establish causation and/or that Plaintiff made any false or malicious statement to the police" (Defense No. 14), and Svistina's statements were "truthful and not malicious" (Defense No. 15). These are not affirmative defenses, but rather negations of the "malice" element of Elbadramany's claim for malicious prosecution. *See Phelan*, 415 So. 2d at 1294.

Defense Nos. 14 and 15 are stricken.

### L. Defense Nos. 16 and 17

Svistina asserts that Elbadramany's counterclaims are barred because Elbadramany "failed to obtain the necessary consent from the Plaintiff for any of the alleged conduct which occurred during the subject incident" (Defense No. 16), and "it was illegal and unlawful to be present in the cabana . . . after midnight and it was illegal and unlawful for [Elbadramany] to bring Plaintiff to this location" (Defense No. 17).

The relevancy of these statements to Elbadramany's counterclaims is not immediately clear. As for Defense No. 16, it is true, as Svistina notes, that "lack of consent" may be considered an affirmative defense. *See* ECF No. [243] at 14. However, the only apparent relation between Svistina's lack of consent to conduct that occurred at the cabana and Elbadramany's counterclaims is that her lack of consent would support her argument that she did not make false statements to the police. As such, her "lack of consent" argument merely contests an element of Elbadramany's counterclaims and is, therefore, not a valid affirmative defense.

As for Defense No. 17, Svistina is correct that the Court considered Svistina's alleged status as a trespasser to be a valid affirmative defense raised by TDR Towers Master Association, Inc. ("TDR"), but that is because Svistina's status as a guest or trespasser is directly relevant to TDR's liability for events that occurred on TDR's premises. ECF No. [211] at 8. Here, by contrast, Svistina's alleged status as a trespasser does not relate to the issues raised in Elbadramany's counterclaims.

Defense Nos. 16 and 17 are stricken.

### M. Defense No. 18

Defense No. 18 asserts that "Elbadramany's counterclaims are barred on the grounds of fraud and unclean hands[.]" ECF No. [227] at 6. In his Motion, Elbadramany asserts that the defense of unclean hands is only applicable to actions in equity, and his counterclaims solely assert claims in law. ECF No. [242] at 16. Svistina responds with persuasive authority that contradicts Elbadramany's position. *See* ECF No. [243] at 14 (citing *May v. Nygard Holdings Ltd.*, No. 6:03-cv-1832-Orl-DAB, 2007 WL 2120269, at *3 (M.D. Fla. July 20, 2007)). This defense "puts into issue relevant and substantial legal and factual questions," so it will not be dismissed at this stage. *Reyher*, 881 F. Supp. at 576 (M.D. Fla. 1995).

### N. Defense No. 20

Defense No. 20 asserts that Svistina "made use of the judicial process for its intended purpose." ECF No. [227] at 8. This is not an affirmative defense, but rather a negation of an element of Elbadramany's claim for abuse of process. *See EMI Sun Village, Inc. v. Catledge*, 779 F. App'x 627, 635 (11th Cir. 2019) (listing as the first element of abuse of process "defendant made an illegal, improper, or perverted use of process").

Defense No. 20 is stricken.

### O. Defense No. 21

Defense No. 20 asserts that Elbadramany's counterclaims are barred under the litigation privilege doctrine. ECF No. [227] at 8. Elbadramany correctly points out that the Court squarely considered and rejected this argument in its Order on Svistina's Motion to Dismiss Counterclaims, ECF No. [202] at 10-12. For the reasons discussed therein, the absolute litigation privilege doctrine does not bar Elbadramany's counterclaims, although Svistina may possibly invoke "a qualified" privilege. *See id.* (quoting *Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Tr. Co.*, 810

9

So. 2d 996, 998 (Fla. 4th DCA 2002)). That, however, is an evidentiary issue, not an affirmative defense.

Defense No. 21 is stricken.

**P.  Defense No. 22**

Defense No. 22 assets that Elbadramany's counterclaims "have been brought in violation of [Federal Rule of Civil Procedure] 11(b)." ECF No. [227] at 8. Elbadramany correctly argues that Rule 11 is not a recognized affirmative defense, but rather a basis for sanctions. ECF No. [242] at 18-19 (citing *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 319-20 (S.D. Fla. 2018) (striking a defendant's request for Rule 11 sanctions as an invalid affirmative defense).

Defense No. 22 is stricken.

**Q.  Defense No. 23**

Defense No. 23 asserts that Elbadramany's counterclaims "do not meet the minimum amount in controversy and thus this Court lacks jurisdiction." ECF No. [227] at 8. Svistina agrees to withdraw this affirmative defense. ECF No. [243] at 16.

Defense No. 23 is stricken.

**R.  Defense No. 24**

Defense No. 24 asserts that "Elbadramany's counterclaims are premature and should be stricken and or deferred contingent on the outcome of the subject lawsuit." ECF No. [227] at 8. This is essentially an argument that Elbadramany's counterclaims should be severed from Svistina's case because certain evidence may be inadmissible in the present proceeding – an argument she previously made in her Motion to Dismiss. *See* ECF No. [137]. For the reasons explained in the Court's Order, the Court denied her motion to sever without prejudice, allowing

her to renew it at the summary judgment stage. ECF No. [202] at 14-15. Regardless, Svistina's arguments in favor of severance or exclusion of evidence do not constitute an affirmative defense.

Defense No. 24 is stricken.

### S. Defense No. 25

Defense No. 25 asserts that "Elbadramany's counterclaims are barred as any statements made by the Plaintiff were done so in good faith and any grammatical errors or errors in the syntax or composition of her written statement were the result of her inability to speak and/or lack of fluency in English which is not her first language." ECF no. [227] at 9. This is not an affirmative defense but an attempt to negate a necessary element of Elbadramany's malicious prosecution claim. *See Phelan*, 415 So. 2d at 1294.

Defense No. 25 is stricken.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Elbadramany's Motion to Strike Svistina's Affirmative Defenses, **ECF No. [242]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The following affirmative defenses asserted by Svistina in her Affirmative Defenses, ECF No. [227], are **STRICKEN**: **1**, **3-6**, **8-17**, and **20-25**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 30, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record