IN THE UNITED STATES DISTRICT COURT IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Elena Svistina
    Plaintiff(s),
vs.

CASE NO.: 22-cv-20525-BLOOM/Otazo-Reyes

Mark Fadel Elbadramany TDR Towers Master Association, Inc.
    Defendant(s).
_____/

## PLAINTIFF'S AMENDED NOTICE OF DISCOVERY HEARING

**YOU ARE HEREBY NOTIFIED** that the undersigned is calling the following for hearing:

**DATE:**            May 31, 2023

**TIME:**            1:30 pm

**JUDGE:**           Hon. Alicia M. Otazo Reyes

**PLACE:**           Via Zoom video conference

Current Discovery Deadline June 13, 2023

### Brief Description of the Discovery Dispute(s)

1)      Follow-up Inspection of Hidden Camera Smoke Detector and EUFY Camera.

Plaintiff requests follow-up inspection of the Hidden Camera Smoke Detector and EUFY Camera which are currently in Defendant Mark Elbadramany's possession. On August 18, 2022 only the EUFY camera was inspected for the sole purpose of verifying if any video or images still existed on the device.

Plaintiff now requests a follow-up inspection of these devices for the sole purpose of confirming that the devices function in the same manner as the replica/demonstrative devices which were presented to Defendant's IT Expert Gary Schnepp and Defendant Elbadramany during their depositions. This examination will be limited to:

    a. Charging the devices.

    b. Photographing and filming the devices.

    c. Documenting their serial numbers.

    d. Connecting the devices to the internet.

    e. Connecting the devices to their software applications.

    f. Turning the devices off and on.

    g. Verifying the function and capabilities of the devices and their software applications.

    h. Verifying that both devices are capable of recording audio and video.

2) <u>Deposition of Christine Saleh-Elbadramany.</u>

Previously the Court deferred Plaintiff's request for the deposition of Christine Elbadramany until after Defendant Mark Elbadramany's deposition. On April 20, 2023, Mark Elbadramany testified as follows regarding his wife's involvement in the subject incident and cabana.[1]

    a. Christine Elbadramany was a co-owner of the subject cabana and participated in the management of the cabana including the payment of its expenses.

    b. Mark Elbadramany alleges that Christine Elbadramany had no knowledge that in 2020-2021 multiple women were sleeping in their cabana for several nights in succession and that he was meeting with these women as well.

    c. Mr. Elbadramany claims that in the three hours he was expecting Plaintiff to arrive at the Trump Towers he was performing work in the Trump Towers condominium parking garage. Christine Elbadramany may possess information regarding this claim.

    d. Mark Elbadramany alleges that Christine Elbadramany had no knowledge that he was a member of Couchsurfing since 2010. Plaintiff is entitled to corroborate this statement with Christine Elbadramany.

    e. Christine Elbadramany resided at the subject location with Mark Elbadramany on the date of the subject incident.

    f. Mark Elbadramany invoked spousal privilege and refused to answer questions concerning Ms. Elbadramany's involvement or knowledge in this matter.

---

[1] Mark Elbadramany's deposition transcript shall be filed in support of this Notice once it is received.

    g.  Mark Elbadramany claims he is unaware of Christine Elbadramany's whereabouts on the date of the subject incident.

    h.  Plaintiff has now subpoenaed Christine Elbadramany to appear at trial and therefore ought to be permitted to obtain her anticipated testimony.

Based on the foregoing Plaintiff has demonstrated sufficient basis to seek the deposition of Christine Elbadramany, as she may have additional knowledge concerning the subject lawsuit and also may offer testimony which could impeach Mark Elbadramany. Nor are her recollections and communications outside of any communications with Mark Elbadramany protected by the spousal privilege.

3) <u>Deposition of Nadine Fahim</u>

Previously the Court deferred Plaintiff's request for the deposition of Ms. Fahim until after Defendant Mark Elbadramany's deposition. On April 20, 2023, Mark Elbadramany testified as follows regarding Ms. Fahim involvement in the subject incident and cabana.

    a.  Nadine Fahim arrived at Mr. Elbadramany's Trump Towers Condominium on June 19, 2021 at 12:06 am while Mr. Elbadramany was still in the cabana with the Plaintiff.

    b.  Approximately 17 minutes later Mr. Elbadramany left the cabana and followed Ms. Fahim to his condominium.

    c.  According to Mr. Elbadramany's testimony it is likely that Ms. Fahim would have been the first individual who he encountered or spoke with immediately subsequent to the subject incident.

    d.  Plaintiff has now subpoenaed Christine Elbadramany to appear at trial and therefore ought to be permitted to obtain her anticipated testimony.

Based on the foregoing Plaintiff has demonstrated sufficient basis to seek the deposition of Nadine Fahim, as she may have additional knowledge concerning the subject lawsuit and also may offer testimony which could impeach Mark Elbadramany.

4) <u>Continued Deposition of Mark Ebadramany</u>

Plaintiff requests four (4) additional hours to depose Mr. Elbadramany on matters which he refused to testify or failed to fully answer. Plaintiff seeks four additional hours of deposition for this purpose and states as follows in support.

    a.  During Mr. Elbadramany's deposition he improperly refused to answer any questions concerning his financial worth for purposes of punitive damages. The Court has also since

      ordered production of documents concerning this issue that Defendant has previously refused to produce.

b. During Mr. Elbadramany's deposition he refused or was unable to answer questions concerning who paid for and the amount of his damages for attorneys' fees incurred which he is seeking in his counterclaim. The Court has also since ordered production of documents concerning this issue that Defendant had previously refused to produce.

c. At numerous points in the deposition counsel for Elbadramany improperly objected in violation of FRCP Rule 30(c)(2), and/or interfered with the witness by keeping him from providing frank and direct answers to counsel's questions. Despite numerous requests from counsel for the Plaintiff to cease this conduct, it continued for the duration of Mr. Elbadramany's deposition.

Accordingly, Plaintiff requests the opportunity to inquire as to these matters without improper speaking objections from the Defendant. *See Mitnor Corp. v. Club Condos.*, 339 F.R.D. 312, 321 (N.D. Fla. 2021) (citing *McDonough v. Keniston*, 188 F.R.D. 22, 23 (D.N.H. 1998) ((permitting a second deposition of a deponent as a sanction for improper objections during the deponent's initial deposition)); see also *O'Brien v. Amtrak*, 163 F.R.D. 232, 235-36 (E.D. Pa. 1995).

5) Request for confidentiality and protection for Couchsurfing Witness V.L.

For the reasons previously stated in Plaintiff's Motion to File Under Seal [D.E.,269], witness V.L. has petitioned this Court for protection during her deposition and the Court is asked to review her Declaration and rule on her request.

## **RULE 7.1 CERTIFICATION**

Undersigned counsel certifies that prior to the filing of this Notice and/or hearing on same counsel in good faith conferred or attempted to confer to attempt to resolve the issues herein.

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, a true copy of the foregoing was served by email, US Mail and/or Process Server on:

Counsel for Defendant, Elbadramany:
JONES WALKER LLP
Edward R. Shohat
Monique Garcia
David S. Weinstein
201 S. Biscayne Blvd.
Thirtieth Floor
Miami, Florida 33131
Telephone: 305-679-5700
Facsimile: 305-679-5710
eshohat@joneswalker.com
mgarcia@joneswalker.com
dweinstein@joneswalker.com
calvarez@joneswalker.com

Attorneys for Defendant TDR Towers Master Association, Inc.:
LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
DANIEL J. SANTANIELLO
VALERIE R. EDWARDS
DENISE M. STOCKER
301 Yamato Road, Suite 4150
Boca Raton, FL 33431
Telephone: (561) 893-9088
Facsimile: (561) 893-9048
vedwards@insurancedefense.net
LUKSBOCA-Pleadings@LS-Law.com
LUKSMIA-Pleadings@LS-Law.com
JMariotti@insurancedefense.net

Co-Counsel for Plaintiff:
CARPENTER & ZUCKERMAN
John P. Kristensen (Pro Hac Vice)
Pejman Ben-Cohen (Pro Hac Vice)
Megan Gyongyos (Pro Hac Vice)
kristensen@cz.law
pej@cz.law
mgyongyos@cz.law
8827 W. Olympic Blvd.
Beverly Hills, California 90211
(310) 273-1230 – TELEPHONE

By:

FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030

*/s/ Raymond R. Dieppa*
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law